No. 2433.

J. E. WEBB ET AL. *v.* M. W. BURNEY ET AL.

1. DEED—PAROL EVIDENCE.—While parol evidence is admissible to show that a deed which by its terms is a deed absolute, was intended as a mortgage, it will be construed according to the plain import of the language in which it is written, unless a different intention existed in the minds of both the vendor and vendee.

2. CERTIFICATE OF ACKNOWLEDGMENT—HOMESTEAD.—When the husband and wife execute in due form a deed conveying the homestead, the wife can not impeach the certificate of the officer taking her acknowledgment, if the same be in due form, where there is a valuable and adequate consideration for the deed. If the consideration be the discharge by the deed of a pre-existing debt, it will be sufficient, unless there was such gross inadequacy of price as to induce the belief that undue influences had been used to induce her execution of the deed, in which event the certificate of the officer may be impeached and shown to be false. But the mere fact that a man by imposing upon his wife through misrepresentations as to the character of the instrument, induces her to sign a conveyance of the homestead, in payment of a pre-existing debt, coupled with the fact that the notary did not comply with the law in taking her acknowledgment, will not affect the rights of the purchaser, if he is ignorant of the husband's fraud.

APPEAL from Madison. Tried below before the Hon. Norman G. Kittrell.

*J. F. Randolph* and *J. E. Butler*, for appellants: It was not competent for defendants to show that the conveyance from Burney and wife to Cole Bros., which was in form a deed, was in fact a mortgage, by showing that M. W. Burney falsely represented to his wife that it was a mortgage, unless defendants had connected Cole Bros. with such fraudulent representations, and on failure to so connect them the court should have sustained plaintiffs' objection to said evidence. (Pierce v. Fort, 60 Texas, 470; Henderson v. Terry, 62 Texas, 284; Pool v. Chase, 46 Texas, 210; Williams v. Pouns. 48 Texas, 145; McDonnell v. Harrell, 1 Unreported Cases, 526.)

*Abercrombie & Randolph*, for appellees: Evidence of the defective acknowledgment was properly admitted, because the certificate of acknowledgment of a married woman is conclu-

sive only as to grantees who have acted in good faith and who have paid a valuable and adequate consideration for the property, and not as to those who seek by intimidation to subject the homestead of the wife to the payment of a worthless and antecedent debt of the husband vastly less than the value of the property. (Waltee v. Weaver, 57 Texas, 571; Wiley & Co. v. Prince, 21 Texas, 640.)

If the admission of evidence of the defective acknowledgment was error, it did not injure the appellants, because the proof showed and the court found that the instrument conveying the homestead was intended as a security for a debt, and was therefore void.

COLLARD, JUDGE. The issue of fact as to whether the deed by Burney and wife to Cole Bros. was intended by the parties to be a mortgage, does not seem to have been decided by the trial judge. His finding of fact upon the question is as follows: "19. That the moving inducement to Burney was a fear of prosecution, and that he was not indebted or in default to such an amount as was claimed, and that when the deed was made the real, actual intention was that it should stand as a security for the debt, the consideration, the value of the property, the demand for security only, the unwillingness of Cole Bros. to take land, the unsettled condition of accounts between the parties, the fact that they had advised him to sell the place and raise the money, all showing that it was not the intention that he should actually in fact surrender the property in fee to them, or in other words that the parties to the contract did not both so agree and understand, notwithstanding the character of the deed."

The conclusions of law upon the question are not predicated upon a finding that the deed was intended by the parties as a mortgage. They are:

"1. That if the deed was other than a genuine, bona fide deed, it was void.

"2. That if the deed was intended as a deed in fact, no consideration passed to the wife, and no adequate consideration passed to Burney, or his wife, and nothing of value was surrendered by Cole Bros. for the deed."

It seems the judge purposely left the issue of deed or mortgage undecided, unless it may be inferred that his opinion was

that if one of the parties did not understand the instrument to. be an absolute deed, it would not·be such deed.

Parol evidence is admissible to prove that a deed absolute on its face was intended by the parties as a mortgage, but both the parties must so intend or agree, otherwise the instrument will be what it purports to be. (Davis v. Brewster, 59 Texas, 96.) It is safe to conclude that the court left the question undecided, and that his decision was made upon other grounds. This issue should have been distinctly decided. He concludes that Mrs. Burney, under the circumstances of the case, could go behind her acknowledgment as certified to by the notary, and then that in fact no such acknowledgment was taken; that there was no privy examination; that she understood from her husband that the instrument was a mortgage upon an unimproved portion of the land, and that the notary did not read or explain the deed to her, or in any respect comply with the law in such cases. The court so found the facts, and also that there was no consideration paid to Mrs. Burney for the conveyance, and no adequate consideration paid to Burney. These conclusions of the court are brought in question by the errors as signed.

It was in evidence by Burney, his wife and their son, that all the officer did in taking the acknowledgment was to ask her if her husband had explained the paper to her. She also swore that before the signing by her, her husband told her out of the hearing of the notary that the instrument was only a mortgage on unimproved land, and did not touch the homestead, and asked her to sign; that she refused, and he said it would be his ruin if she did not, and threatened to abandon her. Burney corroborated her in this, except the statement that it would be his ruin if she refused to sign. The instrument purported to be a deed—an absolute conveyance of the homestead for three hundred and seventy-five dollars. The acknowledgment of Mrs. Burney, as certified to by the notary, is in the usual form as required in a conveyance by a married woman of the homestead, and in such condition the deed was handed to Cole Bros., they being ignorant of any threats or statements of Burney to his wife, and of any defect in the acknowledgment. The notary swore that the law was strictly complied with. In such case, taking the evidence most strongly in favor of Mrs. Burney, unless there are facts which take this case out of the rule as established by numerous decisions of

the Supreme Court of this State, the acknowledgment as certified to must be held good. (Pierce v. Fort, 60 Texas, 464; Henderson v. Terry, 62 Texas, 284; Pool v. Chase, 46 Texas, 210; Williams v. Pouns, 48 Texas, 144.)

It is contended by appellees that there was no valuable and adequate consideration for the deed, and that this would authorize the wife to impeach the certificate of acknowledgment. There are expressions in some of the cases which indicate that there must be a valuable and adequate consideration paid by the grantee in order to prohibit the wife from impeaching the certificate. (Waltee v. Weaver, 57 Texas, 571; Davis v. Kenedy, 58 Texas, 519.) In Wiley v. Prince, 21 Texas, 640, Chief Justice Hemphill expressed doubt as to the applicability of the rule where the wife becomes a surety, by mortgage of her separate estate, for an antecedent debt of the husband. These questions have not, however, heretofore been discussed by our court. They have been mentioned in a general way, and the rule stated to be that where there is a valuable and adequate consideration paid by the purchaser, the certificate of acknowledgement by the wife is conclusive of the facts therein stated, where the purchaser has acted in good faith.

It is true a precedent debt would not be considered a valuable consideration so as to make one an innocent purchaser as against a prior unrecorded deed. It is, however, a valuable right between the parties, and when they contract with reference to its discharge as a consideration, for property conveyed, as between the contracting parties it would be a good and valuable consideration. A debt surrendered or discharged is a right lost on one side and a benefit conferred on the other. We do not believe our courts, in speaking of the necessity of a valuable consideration in connection with the inviolability of the officer's certificate of a married woman's acknowledgment, used the expression in the sense in which it is used in respect to innocent purchasers acquiring property without notice of a prior deed.

But it is insisted the consideration must not be inadequate; that if it is, the wife can show that the certificate of the officer is false, notwithstanding the innocence and good faith of the purchaser. Inadequacy of price does not mean inadequacy of value; it means such gross inequality as would shock the conscience, and arouse suspicion as to the honesty of the transac-

tion. (1 Story's Equity, secs. 245 and 249 inclusive; 1 Wait's; Actions and Defenses, 94, 95, 3 ed., p. 168; 2 Id., pp. 500, 501, 502.)

Where there is palpable and gross inequality in a bargain, courts will carefully scrutinize the conduct of the parties to ascertain if there was fraud, imposition and undue influence, and if it be found, though slight, relief will be granted. In case of a married woman's deed, if it appear that the consideration is so grossly inadequate as to raise a suspicion that she did not understand the transaction, or that she certainly would not voluntarily have consented to it upon the terms expressed, the grantee otherwise innocent might be presumed to know or suspect that she had not willingly contracted, or that some undue influence had been exercised over her to induce her to contract. In such a case it would be the duty of the purchaser to inquire and learn the true condition of affairs, and in such case the certificate of the officer could be impeached and shown io be false.

The court found that no adequate consideration passed to Burney or his wife, and that Cole Bros. surrendered nothing of value for the deed. It seems the court acted upon the impression that as Burney was insolvent, a debt against him would not constitute a valuable consideration, and possibly for the same reason that it was not an adequate consideration. At all events it does not satisfactorily appear from the evidence and the conclusions filed that the court was of opinion that the consideration was so shockingly inadequate as to require Cole Bros. to ascertain if Mrs. Burney had willingly signed and acknowledged the deed.

We therefore conclude:

1. That the mere fact that Burney imposed upon his wife and by misrepresentations induced her to sign the deed, coupled with the fact (if it existed) that the notary did not comply with the law in taking her acknowledgment, could not affect the rights of Cole Bros. under the deed, they being ignorant of the facts.

2. That the precedent debt of Burney to Cole Bros. was a valuable consideration between the parties, and that no additional consideration need be shown to have passed to Mrs. Burney to give validity to the deed.

3. That when the consideration of a deed by a married woman is so grossly inadequate and unreasonable as to excite

suspicion of unfairness and undue influence, or of want of willingness to execute the same, the purchaser would be put upon inquiry as to the truth of the certificate of her privy examination and acknowledgment, and that in such case she could show its falsity. The findings of the court being satisfactory to us that such was his conclusion there was no sufficient reason shown to warrant Mrs. Burney in impeaching the certificate of her acknowledgment, and for this reason the judgment of the court below should be reversed and the cause remanded for a new trial.

                                    *Reversed and remanded.*

Opinion delivered March 20, 1888.