## FIRST NAT. BANK OF CORSICANA v. ZARAFONETIS et ux. (No. 758.)

Court of Civil Appeals of Texas. Waco. Feb. 28, 1929.

Rehearing Denied March 28, 1929.

Lawrence Treadwell and Callicutt & Upchurch, all of Corsicana, for appellant.

J. S. Simkins and Richard & A. P. Mays, all of Corsicana, for appellees.

STANFORD, J. Central State Bank of Corsicana filed this suit against appellees John G. Zarafonetis and his wife to foreclose a deed of trust executed by appellees to the Central State Bank, covering a certain house and lot on Fourteenth street, hereafter referred to as the Human property, and also lot No. 1 in block 240, on which a two-story brick building was located, referred to hereafter as the brick building, and alleged that said deed of trust was given to secure three notes therein described, aggregating $2,000, and to secure the payment of any renewal or extension of the same, as well as all the other indebtedness which said John G. Zarafonetis then owed or might thereafter become due or owing to said Central State Bank by notes or otherwise, as set out in said deed of trust, by reason of which said deed of trust did secure the notes of said John G. Zarafonetis thereafter executed, which, together with the notes executed before said deed of trust was executed, it was agreed amounted on the day of trial to the sum of $7,565.25. The bank contended it was entitled to a judgment for the full amount, $7,565.25, owing by John G. Zarafonetis, and a foreclosure against appellees for said amount on both said pieces of property. Appellee, Mrs. Alberta Zarafonetis, as well as her husband, alleged said deed of trust was to secure only the three notes specifically mentioned, and that it was agreed that, upon the payment of said three notes, the bank would release said deed of trust. She further alleged that, if said bank made any further loan to her husband, John G. Zarafonetis, the same were made with full notice of the fact that John G. Zarafonetis on April 14, 1923, conveyed the brick building, which was theretofore community property, to her, and since said date said property had been her separate property, and that said additional loans constituted no charge upon her property. She further alleged that on February 5, 1923, the residence property known as the Human property became the homestead of herself and husband, and that additional loans made to her husband under said deed of trust constituted no lien upon said property. Pending the suit the cause of action of the Central State Bank was assigned to the appellant, First National Bank of Corsicana. The court submitted only one issue, in response to which the jury found that the Central State Bank did not agree with John G. Zarafonetis that the deed of trust would be released upon the payment of the notes described in same. Appellant filed a motion asking that judgment be entered in its favor for $7,565.25, the amount admitted to be due it by appellee John G. Zarafonetis, with a foreclosure on both said pieces of property for said entire amount. The trial court rendered judgment against said John G. Zarafonetis for the full sum of $7,565.25 and established and foreclosed the mortgage lien on lot 1 in block 240, on which the brick building is located, against both John G. Zarafonetis and his wife for $2,036.83. From this judgment, the appellant has duly appealed and presents the record here for review.

Under its first and second propositions, appellant contends the trial court erred in refusing to foreclose its deed of trust lien as against both appellees on both pieces of property described in the deed of trust, for $7,565.25, the amount recovered against John G. Zarafonetis. The record discloses that on August 1, 1922, the Central State Bank loaned to John G. Zarafonetis $2,088.25, which was evidenced by three notes executed by the said Zarafonetis; and on the same date, to secure said three notes and any future indebtedness of John G. Zarafonetis to said bank, the said John G. Zarafonetis and his wife, Mrs. Alberta Zarafonetis, executed a deed of trust to C. J. Knox, trustee, on two pieces of property, to wit, lot 1 in block 240, known as the brick store building, and the other, a residence on Fourteenth street known as the Human property. This deed of trust was properly executed and duly acknowledged by both appellees, and filed for record on August 5, 1922. On February 5, 1923, appellees made and had placed of record a designation of the Fourteenth street property, which was included in said deed of

trust, as their homestead. On April 14, 1923, John G. Zarafonetis conveyed by deed lot 1 in block 240, on which the brick building was situated, to his wife, reciting a consideration of $10 and love and affection, and the further consideration of her assumption of $4,500 due by John G. Zarafonetis to the State Building & Loan Association of Dallas, which was on the same date filed for record. The record shows, and it was admitted by counsel, that on April 14, 1923, at the time Zarafonetis deeded the brick property to his wife, and he and his wife made the homestead designation of the Human property, John G. Zarafonetis was then indebted to the Central State Bank in the sum of $2,036.-83, and that thereafter the said John G. Zarafonetis continued to borrow from said bank, and was at the time of this trial indebted to said bank in the sum of $7,565.25. The court held that, by virtue of the deed of trust dated August 1, 1922, appellant had its mortgage lien on the brick building property for the amount of the loans made to John G. Zarafonetis up to April 14, 1923, the date Zarafonetis deeded said property to his wife, which said amount was $2,036.-83, and was entitled to a foreclosure for said amount, but was not entitled to a foreclosure for the remainder of the indebtedness of Zarafonetis to the bank, and that appellant was not entitled to a foreclosure on the Human property for any amount, so the court rendered judgment against John G. Zarafonetis for $7,565.25 and foreclosed the mortgage lien on the brick building property for only $2,036.83. Appellant contends it was entitled to a foreclosure of its mortgage on both pieces of property, for the entire amount of its judgment against John Zarafonetis.

■ The record shows further that at the time appellees gave the deed of trust on August 1, 1922, to secure the amount John Zarafonetis then owed said bank, and any future indebtedness, the said Zarafonetis was in the mercantile business, and so continued up to the filing of this suit, and the purpose of the deed of trust was not only to secure the amount Zarafonetis then owed said bank, but to secure to him a line of credit. There is evidence, which is not controverted, that the bank did not know nor learn that John Zarafonetis had made a deed to his wife conveying to her the brick building property, until the early part of the year 1927, which was after the last loan was made to Zarafonetis. The deed of trust recites: "This conveyance, however, is made in trust for the following purposes and upon the terms · and conditions following, to-wit: If the said John G. Zarafonetis shall well and truly pay off and discharge at the maturity thereof, according to the tenor and effect thereof [then follows a description of the three notes amounting to about $2,000.00], together with any renewal or extension of the same, or any part thereof, as well as any

and all other indebtedness which the said John G. Zarafonetis may now owe or may hereafter become due or owing to the Central State Bank of Corsicana, Texas, by note or notes or otherwise, either as principal, endorser or as surety," etc.

The record further shows that Zarafonetis never at any time paid up his indebtedness to the bank, and also that the brick property was the community property of Zarafonetis and wife. The brick property was bought June 16, 1920, by John Zarafonetis for $6,500, and deed made to him. His wife testified she put in $500 of her separate funds and some lots valued at $800 in making the cash payment of $1,625. While these payments may have been sufficient to give her a separate interest, same would not make it her separate property. However, we do not think it material whether it was her separate property or community property at the time the deed of trust was executed by her and her husband to the bank on August 1, 1922.

■ Appellees contend further there is no evidence that appellee Alberta Zarafonetis ever consented to, or knew of, or agreed to, the creation of any indebtedness of her husband to the bank outside of and beyond the three notes described in the deed of trust aggregating about $2,000, and appellee Mrs. Zarafonetis testified she did not know said deed of trust provided it would secure future indebtedness of John Zarafonetis to the bank, and that we should presume the court found this to be true. The deed of trust was a written contract or obligation duly signed and acknowledged by Mrs. Zarafonetis. There is no evidence that she could not read said deed of trust, or that any one resorted to any artifice to prevent her reading it, or that she did not in fact read it, or that any one in any way misled and deceived her and induced her to execute said deed of trust without fully understanding its contents. No fraud having been shown on the part of appellant or its assignor, or any one else as for that matter, the certificate of the separate acknowledgment of Mrs. Zarafonetis is conclusive of the facts therein stated. She cannot be heard to say that she did not have an explanation of the trust deed or did not understand it. Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Wiley v. Prince, 21 Tex. 640; Webb v. Burney, 70 Tex. 322, 7 S. W. 841; Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920; Tinkham v. Wright (Tex. Civ. App.) 163 S. W. 619. Neither was there any pleading as a basis for such evidence. The deed of trust itself is, under the facts of this case, conclusive evidence that appellee Mrs. Zarafonetis, at the time she executed said deed of trust, did know of the provision therein for securing the future indebtedness of her husband to the bank, and she, by executing said mortgage, expressly consented that the deed of trust

lien on said two pieces of property should secure such future indebtedness. Appellee Mrs. Zarafonetis being charged with notice of all the contents of said deed of trust of date August 1, 1922, and same having been duly filed for record August 5, 1922, she could not be an innocent purchaser by reason of the deed from her husband conveying the brick property to her on April 14, 1923, upon the consideration of $10 and love and affection, and the assumption of the payment by her of a loan on said property for $4,500, which created no liability on her part.

 Appellees contend further, as there was only one issue submitted to the jury, and none other requested, that we must presume other material issues were found by the trial court in such manner as to support the judgment. This would be true if there were other material issues made by the pleadings and evidence which authorized the trial court to so find. But as we view this case, there was only one material issue of fact made by the pleadings and evidence, and it was submitted to the jury, as above stated, and answered in favor of appellant. The mortgage of date August 1, 1922, covering the two pieces of property, having been executed by Mrs. Zarafonetis as well as her husband to the bank to secure not only the $2,000 then due the bank, but also any future indebtedness of her husband to said bank, created a lien on the lot and brick building thereon, in any event for the entire amount of John Zarafonetis' debt to said bank, and the conveyance of said brick building property by John Zarafonetis to his wife on April 14, 1923, in no way affected the rights of the bank under the terms of its deed of trust. The rule is well settled in this state that a recorded mortgage expressed to cover future advances has priority in all cases over subsequent conveyances and incumbrances. Freiberg et al. v. Magale, 70 Tex. 116, 7 S. W. 684; Willis v. Sanger et al., 15 Tex. Civ. App. 655, 40 S. W. 229 (writ refused); F. Groos & Co. v. Chittim et al. (Tex. Civ. App.) 100 S. W. 1006; Poole et al. v. Cage et al. (Tex. Civ. App.) 214 S. W. 500 (writ refused); Jones on Mortgages, § 373; 41 C. J. 466–468; 19 R. C. L. 419. And the mortgagee is entitled to rely upon it and to make such advances without regard to what other incumbrances may afterward be put upon it. Freiberg et al. v. Magale, supra; Willis v. Sanger, supra; Jones on Mortgages, § 373; Witczinski v. Everman, 51 Miss. 841.

 As to whether or not the court should have foreclosed said deed of trust on the residence property, known as the Human property, depends upon whether or not said property was the homestead of appellees at the time they executed the deed of trust August 1, 1922. Appellees contended by their evidence at the trial that at said time it was their homestead. Appellant contends it was

not. This issue was not raised by any pleading. Appellees alleged said property did become their homestead February 5, 1923, by reason of the homestead designation of said date. However, there was evidence admitted on the supposed issue as to whether said property was homestead on August 1, 1922, when the deed of trust was executed covering same. If said property was the homestead of appellees on August 1, 1922, at the time the mortgage was given, then said mortgage was void, unless it be shown by pleading and evidence that at said time appellees were living upon other property as their home, and represented to the officer of the bank taking said mortgage that the Human property was not their homestead, but the property occupied by them was their homestead, and the officer of said bank relied upon said representations and was thereby induced to take the mortgage on said property. Thompson Sav. Bank v. Gregory (Tex. Civ. App.) 59 S. W. 622; Equitable Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301; Roane v. Murphy (Tex. Civ. App.) 96 S. W. 782; Moerlein v. Mortgage Co., 9 Tex. Civ. App. 415, 29 S. W. 162, also 948; Thompson Sav. Bank v. Gregory, 36 Tex. Civ. App. 578, 82 S. W. 802; Steves v. Smith, 49 Tex. Civ. App. 126, 107 S. W. 146 (on rehearing). We do not think the executing and recording of the homestead designation on February 5, 1923, purporting to designate the Human property as appellees' homestead, had the effect of making it such. Appellees at said time and up to the time of trial, as far as the record shows, occupied other property. Pellat v. Decker, 72 Tex. 578, 10 S. W. 696. Our statutes providing for the designation of a homestead has application to rural homesteads. Articles 3841 and 3842, Revised Statutes; Equitable Mortgage Co. v. Norton et ux., 71 Tex. 683, 10 S. W. 301.

 However, as we view the case, it is immaterial whether said designation had the effect of constituting the Human property homestead or not. If the property was not the homestead of appellees at the time they gave the deed of trust on same August 1, 1922, and if it did become homestead by reason of the designation on February 5, 1923, such result could in no way affect appellant's rights under its deed of trust lien which attached prior thereto. Revised Civil Statutes, art. 3857; Smith et al. v. Van Slyke et al. (Tex. Civ. App.) 139 S. W. 619; Houston & G. N. R. Co. v. Winter, 44 Tex. 597. If the judgment of the trial court in refusing to foreclose the deed of trust on the Human property was based upon the theory that said property was the homestead of appellees August 1, 1922, when the deed of trust was given, then the court was in error, in that there was no pleading to support a recovery on this theory. So the judgment refusing to foreclose on the Human property

will have to be reversed, but we think the matter of foreclosure on this property should be remanded to be again tried on sufficient pleadings. Saner-Whiteman Lumber Co. v. T. & N. O. Ry. Co. (Tex. Com. App.) 288 S. W. 127, and cases there cited.

We sustain appellant's proposition raising the questions herein discussed to the extent above indicated, and reverse and here render judgment in favor of the First National Bank of ·Corsicana against John G. Zarafonetis for $7,565.25, together with· 10 per cent. interest on same from April 24, 1928, and all costs of suit; and hereby foreclose appellant's deed of trust lien as of date August 1, 1922, as against both appellees on lot No. 1 in block 240, together with the brick building situated on same, fully described in appellant's pleading, for the full amount of this judgment. As to a foreclosure on the residence property situated on Fourteenth street, known as the Human property, also fully described in the pleadings, said cause is hereby remanded for further proceedings, in accordance with this opinion.