**RINCON INV. CO. et al. v. WHITE et al.**

**No. 8890.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 2, 1932.

Rehearing Denied Dec. 14, 1932.

John C. North, of Corpus Christi; Andrews, Streetman, Logue & Mobley, of Houston, W. B. Moss, of Sinton, and J. L. Lockett, of Houston, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

FLY, C. J.

This suit was instituted by C. S. White and L. A. Fry against the Rincon Investment Company, a corporation domiciled in Houston, to recover certain land and $10,000. Appellant investment company filed a cross-action and an answer to the petition. Phillip Welhausen, M. C. Driscoll, and others were made parties by appellant. The cause was tried by jury on special issues, and judgment was rendered against the Rincon Investment Company and Welhausen and Driscoll, investing title to the land in White and Fry, and for $1,200 for rents, and damages in the sum of $15,000, in which the Bankers' Mortgage Company was included. The cross-action was denied.

The jury found that the instrument executed by appellee, in form a deed, to appellant, was a mortgage, in fact given to secure a debt; that the rental value of the land for 1929 and 1930 was $1,200; that in the transaction the Rincon Investment Company was the agent of the Bankers' Mortgage Company; that Phillip Welhausen, appellant, and the mortgage company failed to comply with the terms of the contract between Welhausen and Rincon Investment Company; that appellees did not receive any part of a check for $100,000, dated April 9, 1928; that appellees were not damaged by the failure of appellants Welhausen and mortgage company to comply with their contract.

The jury also found that Phillip Welhausen represented to appellees that they were obtaining a loan from the mortgage company and the title to the land conveyed by deed to appellant would be held in trust to secure the payment of a loan, and that appellees relied upon such representation and were induced by such representations to deliver the deed to Welhausen and Driscoll. The jury found that the deed was obtained by fraud.

The statement of facts in this case is long and tedious, and a thorough scrutiny of it would consume more time than can be given to it. We shall assume that the summaries of the testimony made by appellants and appellees, considered together, contain all the salient pertinent facts in the record. In those summaries we fail to discover a single fact tending to show that the instruments, deeds on their faces, were intended to constitute a mortgage and not a full conveyance of the title to the lands. There is nothing in the contract of agency between appellant and Welhausen and Driscoll that tends to show that the deeds were intended as a mortgage. No privity of contract appears to have exist-

ed at any time between appellant and appellees. The latter deals with Welhausen and Driscoll and possibly with the mortgage company, but not with appellant. One of the appellees testified that Welhausen and Driscoll were their agents through the whole of the dealings. They were never the agents of appellant until after the completion of the whole transaction, when they were employed to sell the land for appellant. The evidence fails to show that appellants had any knowledge of the transactions between Welhausen and appellees. The issue as to appellants agreeing to an arrangement to receive a deed, which in truth and fact was to be a mortgage, was the vital issue in the case. Evidence introduced to change the nature and effect of a written instrument should be scrutinized with the greatest care, and should not be given effect without clearly establishing the desired change. No presumptions nor inferences can be indulged in favor of such testimony, as it is an invasion of the rule as to the impeachment and destruction of solemn instruments in writing by the evidence of interested and prejudiced oral testimony. The issue should have been affirmatively presented to the jury for their consideration. The agreements of Welhausen and Driscoll, made without the knowledge and consent of the Rincon Investment Company, before it purchased the land, should not determine the case against that corporation. Mr. White swore, "Mr. Welhausen was representing us all through the deal." This reveals a case in which a party who neither in person, nor by agent, agreed to changing the deed into a mortgage, is adjudged by the court to have been a party to the change. After the land had been sold to Rincon Investment Company, and it had employed Welhausen and Driscoll to sell the land, White admitted that his firm was to receive part of the commissions for the sale of the land. The testimony of White clearly established that Welhausen and Driscoll were the agents of appellees throughout the entire transaction, and they did not inform any one before they left Houston, after the deeds were executed, of any claim that they constituted a mortgage. The failure to show knowledge of or participation in any agreement as to the deeds being intended as a mortgage was brought to the attention of the court by the motion for judgment. Equity will not transform a deed into a mortgage without clear and cogent proof to that effect. Calhoun v. Lumpkin, 60 Tex. 185; Webb v. Burney, 70 Tex. 322, 7 S. W. 841.

The rule is thus stated in Pomeroy, Eq. Jur. § 1196: "Any conveyance of land absolute on its face, without anything in its terms to indicate that it is otherwise than an absolute conveyance, and without any accompanying written defeasance, contract of repurchase, or other agreement, may, in equity, by means of extrinsic and parol evidence, be shown to be in reality a mortgage as between the original parties, and as against all those deriving title from or under the grantee, who are not bona fide purchasers for value and without notice. * * * The presumption, of course, arises that the instrument is what it purports on its face to be, an absolute conveyance of the land; to overcome this presumption, and to establish its character as a mortgage, the cases all agree that the evidence must be clear, unequivocal, and convincing, for otherwise the natural presumption will prevail."

■ There were no transactions between appellant and appellees, nor any one authorized to represent them. The evidence tended to show that the investment company was an innocent purchaser for value without notice, and as such could not have the deed transformed into a mortgage because of an agreement between third parties.

■ The judgment will be reversed, and, in case on another trial it should be determined that the deeds were merely a mortgage to secure a debt, in order to do equity, the court must compel a payment of the debt secured by the mortgage. That is too plain for argument.

■ The following charge was asked by appellant and denied by the court: "At the request of counsel for defendants, Rincon Investment Company and Bankers' Mortgage Company, you are instructed that to constitute an instrument executed in the form of a deed of conveyance to be in fact a mortgage, it must have been the intention of both the grantors and the grantees to such instrument at the time of its execution and delivery, that the same was executed and delivered for the purpose of securing an indebtedness then and thereafter due by the grantors to the grantees."

That charge should have been given, and therefore the fourth proposition is sustained.

It is probable that the matters complained of in the remaining propositions will not occur on another trial of the cause. There was no evidence binding appellant as to a mortgage, rents, or any other matter.

The court, after destroying the deed, proceeded to render a judgment for damages, for which there was no justification in law or support in the evidence.

We have deemed it best to return the cause for another and proper trial, rather than to render judgment here, and consequently the judgment will be reversed, and the cause remanded.

Reversed and remanded.

On Motion for Rehearing.

In the statement that there was a cross-action filed by the investment company, this court was absolutely correct. There was no statement that it was aimed at or included appellees, as is insisted in the exceedingly

technical and incorrect motion for a rehearing.

If such statement had been made, it was utterly immaterial, as the cross-action was not sustained.

Great stress is placed on a statement, taken from the original petition instead of an amendment thereof, that the suit was for $10,000 and certain lands, while it was for a much larger sum and was for 4,567.94 acres and $40 in rents. In view of the fact that the case was decided against appellees on testimony not connected with the amount of money or land, and error in failing to give a special charge requested by appellants, the objections urged to the opinion on the ground of mistake are wholly vain and futile.

The court differs from appellees as to the sufficiency of testimony to sustain certain positions taken by them and no sufficient reason has been offered for a change in its position.

The motion is without merit, and is overruled.