### HIGHTOWER et al. v. STAFFORD.
### No. 9073.

Court of Civil Appeals of Texas. San Antonio.

May 17, 1933.

Rehearing Denied July 1, 1933.

E. B. & Howell Ward, of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, Chief Justice.

This suit was instituted by Josephine Hightower, joined by J. E. Hightower, against Ross J. Stafford to set aside a deed dated May 6, 1930, executed by plaintiffs, conveying 42.24 acres of land, a part of the Catherine Wade tract, in Nueces county, to August Fruhfahrt, or his heirs, on the ground of fraud, failure of consideration, and defect in the acknowledgment. Stafford filed a cross-action in trespass to try title against the Hightowers and Charles H. Simmons. A jury

was impaneled, but was discharged by agreement and the cause submitted to the trial judge, who rendered a judgment that appellants take nothing, and that Stafford recover the title and possession of the land from the Hightowers and Simmons. Simmons was in possession of the land, and was enjoined from paying the rent on the land to the Hightowers, and commanded to pay the same into court.

The statement of facts contains 380 pages of typewritten questions and answers and 66 original instruments in writing. There are numerous findings of facts. The original findings are as follows:

"The conveyance dated on or about the 6th day of May, 1930, from Josephine Hightower and her husband, J. E. Hightower, to August Fruhfahrt, or his heirs, was executed and delivered upon the consideration of the grantors therein receiving the rents described from the lands therein for the crop year 1930, and the further consideration of the promise to pay by the grantee therein One Hundred ($100.00) Dollars as specified in such deed.

"The plaintiff, Josephine Hightower, did sign and acknowledge the deed before mentioned for the purposes and consideration therein expressed and having been privily examined apart from her husband, and having had the same fully explained to her, she acknowledged such deed to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein expressed, and further that she did not wish to retract it although she had, in the beginning protested about the consideration, but after her daughter talked to her, she executed the same. After so acknowledging such deed, she was given an opportunity by the Notary Public to retract her act and deed so acknowledged, but did not do so. Such deed was delivered and filed of record.

"The plaintiff, Josephine Hightower, was not forced to sign such deed, and her signature was not induced by threats and false representations by any one.

"J. E. Hightower did not prevail upon his wife, Josephine Hightower, to sign the deed.

"The defendant, Ross J. Stafford, made no fraudulent representations to procure the deed from the plaintiffs, nor was there any conspiracy between the defendant, Ross J. Stafford, and any one else, in procuring such deed.

"The plaintiff, Josephine Hightower and her husband, J. E. Hightower, failed to establish any title to the property under either the three, five or ten year Statute of Limitations.

"The defendant, C. H. Simmons, in open court admitted that he had and claimed no title to the property involved in this suit, except as a tenant.

"The plaintiffs, Josephine Hightower, and her husband, J. E. Hightower, failed to establish any right, title or interest in and to land described in the plaintiff's petition."

In compliance with requests of the parties, the judge filed supplemental findings, much more numerous than his original findings. The findings in the supplement show that the Hightowers owned no right or title in the land, and Simmons was only a tenant of theirs. The deed sought to be canceled and set aside was executed by Mrs. Hightower, joined by her husband, under all the requirements of law and duly acknowledged according to law. There was no fraud, deception, or mistake charged or proved. The Hightowers showed no valid title to the land. Stafford proved a good title to the land. The deed to Fruhfahrt was a valid one and conveyed all title of the Hightowers in the land.

The findings of facts dispose of the first proposition adversely to appellants. No fraud in procuring the deed was shown.

The officer taking the acknowledgment attempted to explain the deed which was written by Mrs. Hightower herself, and she stopped him, telling him she knew all about the deed. The husband was not present when the acknowledgment was taken. The officer said, after Mrs. Hightower had signed and acknowledged the deed, she said she was not getting enough for the land, and the officer told her she could withdraw her acknowledgment of the deed and he would not place his certificate of acknowledgment thereon. To that proposition she made no reply. The burden was on the Hightowers to prove by a preponderance of evidence that the certificate of acknowledgment was false. The presumptions were all in favor of the truth of the officer's certificate. Ellington v. Bryant (Tex. Civ. App.) 293 S. W. 327, and authorities cited. This court in the case of Ward v. Baker, 135 S. W. 620. 622, said:

"The acknowledgment of the married woman being in statutory form, the law would presume that the officer performed his duty, and that the certificate of acknowledgment is true in all its details, and absolute verity would be accorded the statements contained therein, and, however fraudulent or negligent the conduct of the notary public may have been, it would not invalidate the deed in the absence of evidence connecting the defendants, or their agents, in any manner with the deception, fraud, or negligence of the officer. In the absence of such evidence, the certificate of the officer is conclusive of the facts therein stated. Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772; Shelby v. Burtis, 18 Tex. 645; Pool v. Chase, 46 Tex. 207; Williams v. Pouns, 48 Tex. 142; Kocourek v. Marak, 54 Tex. 201, 38 Am. Rep. 623; Waltee v. Weaver, 57 Tex. 569; Davis v. Kennedy, 58 Tex. 516; Moore v. Moore, 59 Tex. 54; Pierce v. Fort, 60 Tex. 469; Miller v. Yturria, 69 Tex. 549, 7 S. W. 206; Webb v. Burney, 70 Tex. 322, 7 S. W. 841; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665; Wheelock v. Cavitt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920. The evidence tended to show that Mrs. Baker was fully acquainted with the recitals in the deed and the terms of the notes, but under the instruction the deed would be invalidated, if not fully explained by the officer, although she had full knowledge of it from other sources. That proposition could not be sustained, for the reason that the failure to explain could not invalidate the deed unless a fraud was perpetrated upon Mrs. Baker, and a fraud could not be perpetrated if she knew all that could have been told her by the officer."

The evidence sustained the title of Stafford to the land, and the third proposition is overruled.

No duress was shown as to Mrs. Hightower. She wrote the deed, signed it, and willingly acknowledged it. When given a full chance to retract her acknowledgment, she would not do it. The deed to Mrs. Hightower was made by her husband, and it is indicated that it was executed to cover a failure of the husband to include the property in his schedule made in the bankruptcy court.

There is no merit in the fifth and sixth propositions. Of course, appellants had no title to the land after they conveyed it, but they could constitute common source of title. The evidence did not show any champertous action on the part of Stafford. The last named did not originate or instigate this suit. He merely acted on the defensive.

The propositions are not sustained by law or evidence, and are all overruled.

The judgment is affirmed.