**SPEARS et al. v. BANKERS MORTG. CO.**

No. 11558.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 12, 1945.

Rehearing Denied Jan. 16, 1946.

Sidney P. Chandler, of Corpus Christi, for appellants.

John C. North and Howell Ward, both of Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from a judgment awarding to plaintiff below, Bankers Mort-gage Company, the title and possession of two tracts of land containing 83.33 acres and 76.67 acres, respectively, both tracts being out of the Welhausen and Driscoll Sixth Subdivision of the Taft Ranch, San Patricio County, Texas.

Emma Spears and others, defendants below, bring the case here.

The trial court submitted one issue to the jury based upon the ten-year statute of limitations, Article 5510, Vernon's Ann. Civ.Stats., which was answered unfavorably to appellants.

By their first and second points, appellants contend that the trial court erred in holding, as a matter of law, that appellee had shown a superior title to the tracts of land involved from a common source.

In view of this contention it is necessary to notice the various written instruments relied upon as establishing appellee's title and set out certain matters relating to the history of this litigation.

On October 1, 1926, J. H. Harvey and W. B. Ray conveyed to Philip Welhausen and M. C. Driscoll certain tracts of land aggregating a total of 14,680 acres, more or less.

Also, on October 1, 1926, Welhausen and Driscoll conveyed a tract in excess of 3000 acres of the land conveyed to them by Harvey and Ray to C. S. White and L. A. Fry. In this conveyance a vendor's lien was retained to secure an unpaid balance of the purchase price due to Welhausen and Driscoll amounting to the sum of $55,760.

On November 1, 1926, Welhausen and Driscoll (out of the land they had received from Harvey and Ray but had not conveyed to White and Fry) conveyed to Ed Spears and wife, Emma Spears, the 83.33 acre tract involved in this suit. The consideration for this conveyance was a series of eleven vendor's lien notes, the first being for the principal sum of $1333, and the remaining ten being for the sum of $700 each, aggregating a total of $8,333. One of these notes became due and payable annually, the first on July 1, 1927, and the last on July 1, 1937. This deed contained the usual provision that: "It is distinctly understood that the vendor's lien is hereby retained against said lands and premises until all of said notes and all interest thereon due be fully paid according to their terms, tenor, effect and reading, when this deed shall become absolute."

Also, on November 1, 1926, C. S. White and L. A. Fry (out of the land conveyed to them by Welhausen and Driscoll) conveyed to Ed Spears and wife, Emma Spears, the 76.67 acre tract here involved. The consideration was $7,677, also represented by eleven vendor's lien notes payable to White and Fry. These notes also matured annually on July 1st of the years 1927 to 1937, inclusive. The deed likewise contained the same clause retaining a vendor's lien, as did the deed from Welhausen and Driscoll to Spears and wife.

Although these two deeds to Ed Spears and Emma Spears were dated November 1, 1926, they were not filed for record until October 22, 1929.

On March 5, 1928, White and Fry reconveyed to Welhausen and Driscoll the tract of land theretofore conveyed to them by the deed of October 1, 1926. The description of the property contained in this re-conveyance included the 76.67 acre tract theretofore conveyed by White and Fry to Ed and Emma Spears, and was in the form of a warranty deed, reciting as a part of the consideration the cancellation of the notes executed by White and Fry on October 1, 1926.

On April 6, 1928, Welhausen and Driscoll executed a deed conveying the property they had acquired from Harvey and Ray (with the exception of a certain tract which is not material here) to Rincon Investment Company, for a consideration of $100,000. This conveyance by its terms included both the 83.33 acre tract and the 76.67 acre tract involved in this litigation.

Also, on April 6, 1928, Rincon Investment Company entered into an agreement with Welhausen with reference to the deal or transaction whereby Rincon Investment Company acquired title to the lands described in the deed of conveyance executed by Welhausen and Driscoll on said date. This agreement contained the following provision:

"It is understood and agreed that the said conveyance to Rincon Investment Company was made subject not only to certain liens and incumbrances mentioned in such conveyances but also to the rights of various third persons with whom prior to such conveyance the said Welhausen and Driscoll had contracted and agreed to sell to such third persons various portions of the land conveyed by the deed to Rincon Investment Company, it being further agreed and understood in this connection that all of the consideration paid or to be paid by such third persons purchasing or contracting to purchase any such land shall inure to and become the property of Rincon Investment Company, and that all notes executed or to be executed by such purchasers shall either be made payable to Rincon Investment Company or shall be immediately endorsed and delivered and the liens and reserved title transferred and assigned to Rincon Investment Company."

The transaction whereby Rincon Investment Company acquired these properties from Welhausen and Driscoll and White and Fry became the subject matter of litigation in which this court rendered two opinions. See Rincon Investment Co. v. White, Tex.Civ.App., 54 S.W.2d 1052; Id., Tex.Civ.App., 99 S.W.2d 390. The effect of this Court's holding in the latter case was that Rincon Investment Company had acquired all right, title and interest in and to the property formerly held by Welhausen and Driscoll and by White and Fry.

On August 30, 1937, Rincon Investment Company filed two suits against Emma Spears and the heirs at law of Ed Spears, who had died intestate prior to the time of institution of these suits. One suit referred to the 83.33 acre tract and the other to the 76.67 acre tract. Each of the petitions contained two counts; one seeking a recovery in trespass to try title upon the superior title which the Rincon Investment Company claimed to hold, and the other, or alternative count, seeking a judgment upon the notes executed by Ed and Emma Spears and foreclosure of the vendor's lien.

On December 30, 1940, Rincon Investment Company executed a conveyance and assignment to Mortgage Land and Investment Company, which contained the following provision:

"And for the same consideration grantor has transferred, conveyed, and assigned, and does hereby transfer, convey, and assign unto Mortgage Land & Investment Company all notes, accounts, claims, choses in action (including claims and causes now being sued upon) and personal property, of whatsoever description and wheresoever situated, owned by grantor or to which grantor may be or become legally or equitably entitled to, together with all liens, rights, titles, and equities in respect of all and/or personal property (wheresoever situated) existing to secure or assure payment

of such notes, accounts, claims, and choses in action (including claims and causes now being sued upon)."

Thereafter, on September 15, 1941, Mortgage Land & Investment Company was substituted as plaintiff for Rincon Investment Company by the filing of amended petitions. The petitions, however, did not contain counts in trespass to try title, but sought judgments upon the Spears notes and foreclosure of vendor's liens.

On December 26, 1942, Mortgage Land & Investment Company executed two separate assignments or conveyances to Bankers Mortgage Company—one specifically describing the eleven notes executed by Ed and Emma Spears, payable to the order of Welhausen and Driscoll, while the other assignment described the eleven notes executed by Spears and wife, which were payable to the order of White and Fry.

Both instruments expressly conveyed

"(2) The express vendor's lien and all other liens on or in respect of said land reserved in said deed or otherwise existing to secure payment of the above described notes and the indebtedness evidenced by said notes and all other rights, title, and interest of grantor in said land; and

"(3) Grantor's every right, claim, and cause of action in respect of the above described notes, indebtedness and liens, and in respect of the aforesaid 83.33 (76.67) acres of land asserted by grantor as plaintiff in that certain suit now pending in the District Court of San Patricio County, Texas, styled Mortgage Land & Investment Company vs. Mrs. Emma Spears et al., and being No. —— on the docket of said court, wherein grantor is plaintiff and Mrs. Emma Spears and others who claim as heirs of Ed Spears are defendants."

The two cases were consolidated and on March 26, 1945, another amended petition was filed bringing Bankers Mortgage Company into the case as a party plaintiff. This petition, upon which the case was tried, contained a count in trespass to try title, as well as counts seeking foreclosures of the vendor's liens given to secure the notes executed by Ed and Emma Spears.

The evidence showed that none of these notes has been paid, and that the defendant below, Sidney P. Chandler, was a purchaser pendente lite from Emma Spears and the heirs at law of Ed Spears.

The notes executed by Ed and Emma Spears, and payable to Welhausen and Driscoll, were introduced in evidence. These notes bore no endorsements. As to the notes originally payable to White and Fry, evidence was introduced showing that said notes had been lost or misplaced and had not been found despite diligent search therefor.

 In our opinion the various instruments above referred to are sufficient as a matter of law to vest in Bankers Mortgage Company the superior legal title to the lands here involved, which was originally retained by the grantors in the two conveyances to Ed and Emma Spears. Abernethy v. Bass, 9 Tex.Civ.App. 239, 29 S. W. 398; Davis v. Hertman, 19 Tex.Civ. App. 442, 48 S.W. 50. Appellants seemingly contend that appellee's title is in some way defective because it appears that the ownership of the notes here involved was not transferred from one holder to another by endorsement in accordance with the provisions of the Negotiable Instruments Act. Articles 5932–5948, Vernon's Ann. Civ.Stats. This is a wholly immaterial matter. The ownership of notes as well as other choses in action may be transferred by one party to another by assignment or conveyance, 5 Tex.Jur. 7, § 6, and negotiation by endorsement is not the only method by which one party may transfer the ownership of a note to another. We overrule appellants' first and second points. 43 Tex.Jur. 276, §§ 165, 166.

Appellants' third, fourth and fifth points assert that the trial court erred in not instructing a verdict for appellants on the basis of the four and ten year statutes of limitation, Articles 5520 and 5510, respectively.

It may add to the clarity of the statement of our understanding of appellants' contentions to here point out that the trial court in submitting the issue based upon the ten-year statute restricted appellants to "any period of ten consecutive years prior to the filing of this suit on April 30, 1937." Appellants requested that the issue relate to any ten year period prior to March 26, 1945, the date of the filing of Bankers Mortgage Company petition. The refusal of this request is brought forward by appellants' sixth and last point.

The arguments relating to appellants' points Nos. 3 to 6, inclusive, are more or less intermingled, but seemingly present two questions, which may be stated as follows:

1. Did the transactions of 1928, between Welhausen and Driscoll, and White

and Fry, on the one hand, and Rincon Investment Company, on the other hand, have the effect of starting the running of the limitation period under both the four and ten year statutes?

2. Did the action of Mortgage Investment Company in omitting a trespass to try title count in its amended petition prevent the suits theretofore filed by the Rincon Investment Company from being considered as adverse suits under Article 5514, Vernon's Ann.Civ.Stats.?

As to the first question stated, appellants contend that the transactions and conveyances between Rincon Investment Company, Welhausen and others operated to rescind the executory contracts evidenced by the two deeds to Ed Spears and wife; and that thereafter any holding over by Spears and wife became adverse to Rincon Investment Company, which, having been a party to the rescission, possessed no right to recover upon the Spears notes, but only the right to re-enter upon the premises under the superior legal title. Also, seemingly by way of an alternative, it is suggested that the four-year statute began to run against the cause of action on the notes in 1928, instead of at the time the last note in the series became due, as provided in Article 5520.

The contracts and agreements of 1928 between and among Welhausen, Driscoll, White, Fry and Rincon Investment Company were all part of one general transaction and so considered by this Court in Rincon Investment Co. v. White, Tex.Civ. App., 99 S.W.2d 390. In the forepart of this opinion we have set forth the provision of the contract between Welhausen and Rincon Investment Company specifically relating to the rights of third persons who had received contracts covering various tracts of land prior to the date of the conveyance to Rincon Development Company. We can not hold that the parties by contract did something contrary to their expressed intentions. The first question stated must be answered in the negative.

As to the second question we hold that the Rincon Investment Company suits filed in 1937 were adverse suits, which from and after their institution prevented the possession of Emma Spears and the other defendants named in said suits from being regarded as "peaceable." Article 5514, Vernon's Ann.Civ.Stats. The judgment finally rendered after consolidation of the two Rincon Investment Company suits, and from which this appeal was taken, is based upon a demand or claim for relief which was stated in the original petitions.

The right to recover judgment for the land upon the superior legal title is a right which arose out of the transaction or occurrence which also gave rise to a right in the vendor or his assigns to recover judgment upon the notes (in the event of nonpayment) and have a foreclosure of the vendor's lien ordered. The action of Mortgage Loan and Investment Company in omitting trespass to try title counts from its amended petitions did not work a discontinuance of the cases. Its petitions were subject to amendment, and the amendment which was made by re-asserting the right of recovery based upon the superior legal title came within the provisions of Article 5539b Vernon's Ann.Civ.Stats. Consequently a successful plea of limitation can not be asserted against it. The second question above stated is answered in the negative.

We hold that there was no error shown as to the manner or form by which appellants' claim under the ten-year statute was submitted to the jury. Under the evidence, the issue was one for the jury's determination. 2 Tex. Jur. 233, § 127.

What has been said disposes of appellants' points, none of which discloses a reversible error.

The judgment of the trial court is affirmed.