RUDY v. EAGLE INDEMNITY CO.

EAGLE INDEMNITY CO. v. RUDY et al.

No. 12789.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1949.

E. N. Bender, Houston, Tex., for appellant, Rudy.

Ben Connally, Houston, Tex., for appellee Eagle Indemnity Co.

Before HUTCHESON and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

HUTCHESON, Circuit Judge.

These appeals by Manuel Rudy, the third party defendant, and Eagle Indemnity Company, cross-plaintiff and third party complainant, though separately numbered and docketed, arise out of the main suit of Wald v. Eagle Indemnity Company et al., 178 F. 2d 91, the appeal in which we have this day decided.

Sued on its bond by Wald, Eagle Indemnity Company filed its cross-complaint against Gluck and third party action against Rudy, alleging: that Gluck and Rudy had executed the general indemnity agreement sued on and attached to the pleading; that in and by it they had bound themselves to hold and save Eagle harmless against liability, costs, damages and expenses which it might incur in consequence of its execution from time to time of bonds in favor of Gluck as principal; that in connection with the Wald building agreement it had executed a bond for Gluck and as a result had been sued by Wald and had incurred costs, charges, and expenses. It, therefore, sued Gluck and Rudy to recover over against them all sums which might be recovered against it, and all costs and expenses to which it had been and would by, or because of, the claim and suit be put.

Defendant Gluck made no response, but Rudy, admitting that he had signed the agreement, alleged: that he did so without reading it and upon the understanding that it covered a particular job in which Rudy was interested; that he had had no intention of signing a bond of the kind he actually did sign; and that the defendants, knowing of his understanding and intention, did not advise him of the content and purport of the paper. He prayed either that the instrument be reformed so that it would read only on the special job referred to or that it be cancelled and held for naught.

■ The district judge, upon a full hearing, made findings of fact and conclusions of law, as set out below.[1] Reciting in the judgment that, since Wald had recovered nothing in his suit against Eagle, there would be no judgment over in favor of Eagle he gave it judgment against Gluck and Rudy for $3177.31, the expenses it had incurred.

From this judgment Rudy has appealed attacking the findings of the court, that he

---

1. "On May 29, 1945, Irving J. Gluck and Manuel Rudy executed a so-called General Indemnity Agreement to the Eagle Indemnity Company to insure Indemnity Company against losses sustained by reason of Indemnity Company's executing bonds as Surety for Irving J. Gluck. This is a suit by Indemnity Company, as Third-Party Plaintiff, against Gluck and Rudy, as Third-Party Defendants, on said Indemnity Agreement, to recover losses by Indemnity Company by reason of its execution as Surety of the Bond to Sidney J. Wald and which was involved in the above suit of Wald v. Indemnity Company.

"*Findings of Fact.*

"(a) The Indemnity Agreement itself is in evidence and is referred to. Also the Application of Gluck to Indemnity Company for a Bond to cover the building of the house for Sidney J. Wald, described in Findings of Fact and Conclusions of Law dated Oct. 13, 1948, filed in the main case, to all of which reference is made.

"(b) I find that Manuel Rudy knew what he was about when he executed the Indemnity Agreement. It was not executed by him because of fraud, accident, or mistake. He was not defrauded nor misled, and there was no accident nor mistake.

"(c) Because of the Judgment rendered in the case, Indemnity Company is only entitled to recover the amounts Indemnity Company expended and paid out in *defense* of the suit of Sidney J. Wald v. Indemnity Company, i. e., the main case, as follows:

" 'Sewell, Morris, McGregor & Sewell, Attorneys .............. $    79.93
F. H. Churchill (Contractor employed to appraise the work done by Gluck at the time he left Houston)    50.00
St. Paul Mercury Indemnity Company (premium on removal bond) .. 7.50
Estate of Albert B. Hall, deceased (an opinion as to the company's liability and preliminary work prior to Mr. Hall's death) .............. 250.35
Butler, Binion, Rice & Cook (fee for preparing for trial and incidental expense) ................ 2677.93
Deposition of Gluck ........    61.60
Hamilton Brown (Architect) ..    50.00
    Total ............... $3177.31' "

knew what he was about when he executed the indemnity agreement, that he was not defrauded or misled, and that there was no accident or mistake. Citing many cases in support of his claim that he was defrauded by the actions of defendant's agents in dealing with him with knowledge that he was in ignorance of the nature of the paper he was being asked to sign and that if there was no such knowledge and no fraud, the evidence showed a mutual mistake, he urges upon us that the findings are not supported by the evidence and the judgment must be set aside.

Appellee, not at all disagreeing with the legal principles relied on by appellant, but insisting that the evidence fully supports the finding of the district judge, invokes the rule that, in the absence of fraud or imposition, a party to a contract which has been voluntarily signed and executed by him with full opportunity for information as to its contents cannot avoid it on the ground of his own negligence or omission to read it.

We agree with appellee that the findings of the district judge find support in the evidence and that under settled principles of law the appellant may not escape the consequences of his signature thus voluntarily affixed. Upton v. Tribilcock, 91 U.S. 45, 23 L.Ed. 203; Womack v. Western Union Tel. Co., 58 Tex. 176, 44 Am.Rep. 614; Indemnity Ins. Co. v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W. 2d 553; First National Bank v. Zarafonetis, Tex.Civ.App., 15 S.W.2d 155. The judgment on Rudy's appeal is therefore affirmed.

On Eagle's cross-appeal, since the judgment denying recovery to Wald has been reversed, and there may on a retrial be a judgment against Eagle, so much of the judgment it appeals from as denies it recovery over against Rudy and Gluck is also reversed, and that cause is remanded as to its action over for further and not inconsistent proceedings.

Affirmed in part and reversed in part, with costs against appellant, Rudy.