## L. P. BONNER v. W. H. GRIGSBY.

### No. 7278.

1. **Registry of Judgment — Lien.** — Article 3155 of the Revised Statutes prescribes *the number* of the judgment as one of the requisites in an abstract to be recorded in order to fix a lien. The court can not dispense with it, and the registry of an abstract not giving the number does not fix a lien under the statute.

2. **Bona Fide Purchaser—Credit Upon Judgment.**—A creditor having a judgment and a levy upon land takes a deed from the defendant for the land and credits its price as agreed upon on the judgment. Such purchaser is not bona fide, and takes only the title in the defendant, which is subject to an older transfer by him.

APPEAL from Wilbarger.   Tried below before Hon. G. A. BROWN. No statement is necessary.

*Duncan G. Smith*, for appellant, cited Rev. Stats., art. 3155, subdiv. 5; Lundy v. Pierson, 67 Texas, 233; Vaughan v. Greer, 38 Texas, 532; Watkins v. Edwards, 23 Texas, 447; Blankenship v. Douglas, 26 Texas, 225; Oberthier v. Stroud, 33 Texas, 524; Parker v. Coop, 60 Texas, 114; McKamey v. Thorpe, 61 Texas, 648; Walling v. Kinnard, 10 Texas, 508; Overstreet v. Manning, 67 Texas, 657; Steffian v. Bank, 69 Texas, 513; Yoe & Harris v. Montgomery, 68 Texas, 338.

*Frank P. McGhee*, for appellee, cited 47 Texas, Rule 26; Johnson v. Crawl, 55 Texas, 571; Railway v. Montier, 61 Texas, 122; Franklin v. Tiernan, 62 Texas, 92; Endick v. Endick, 61 Texas, 559; Bryant v. Buckner, 2 S. W. Rep., 452; Moore v. Curry, 36 Texas, 668; Wilson v. Williams, 25 Texas, 55; Wright v. Lasiter, 71 Texas, 640; McKamey v. Thorpe, 61 Texas, 648; Grimes v. Hobson, 46 Texas, 416; Grace v. Wade & Mains, 45 Texas, 522; Wallace v. Campbell, 54 Texas, 87; Henderson v. Beaton, Posey's U. C., 17; 2 Washb. Real.Prop., p. 8; 2 Ct. App. C. C., sec. 153; Ridgeway v. Kennedy, 52 Mo., 24; Little v. Page, 44 Mo., 412; Bullard v. Burgett, 40 N. Y., 314.

GAINES, ASSOCIATE JUSTICE.—The appellee brought this suit against appellant to recover certain lots in the town of Vernon, in Wilbarger County.

Both parties claimed under one L. N. Perkins as the common source of title. On the 16th day of September, 1882, one J. Doane, as county judge of Wilbarger County, executed to Perkins a bond for title to the lots in controversy, which purported to bind the county to execute to the obligee a warranty deed to the lots upon his paying the purchase money, amounting to $75, with interest, and upon the acquisition of the legal title by the county. At that time it seems the land had not been patented, and the county claimed under third parties who were expected to execute to it a deed whenever a patent should be issued. On the 1st day of January, 1883, Perkins, in consideration of the sum of $35, and of their payment of the balance of the purchase money due Wilbarger County, conveyed the premises in controversy to G. W. Darby and A. Dawson. On the 18th day of December, 1883, Darby conveyed the lots to W. L. Gordon, who, on the 26th of August, 1886, conveyed the same to appellant, who was the defendant in the court below. There was parol evidence to the effect, that before Darby conveyed to Gordon, Dawson conveyed his interest to Darby, though the deed could not be found. Such is the appellant's title.

The appellee, the plaintiff in the court below, claimed title as follows:

1. A judgment in the County Court of Wilbarger County, rendered on the 6th day of January, 1886, in favor of appellant against Perkins for the sum of $482.82.

2. An abstract of the judgment recorded on the day of its rendition. [The validity of this abstract is questioned.]

3. The bond for title from Doane as county judge to Perkins, above described.

4. A deed from Hearne as county judge to Perkins, dated the 28th day of February, 1889, reciting the payment in full of the balance of the purchase money.

5. A deed dated the 12th day of March, 1889, from Perkins to appellee to the premises in dispute, for the consideration as recited of $400.

The plaintiff also introduced in evidence three executions which had been issued upon his judgment against Perkins—one on the 26th of February, 1886; one on the 22d of September of the same year; the third on the 24th of July, 1888; and the fourth on the 7th day of March, 1889, which was levied on the lots in controversy, but which was returned by order of plaintiff's attorney. When the levy was released and the writ ordered to be returned the return itself does not show, but the sheriff testified that this occurred after the 12th day of

March, 1889, the day on which the lots were conveyed by Perkins to appellee.

Perkins paid a part of the note given by him for the purchase money of the lot, and Gordon seems to have paid $25, leaving a balance of $35 still due. The defendant testified, that he offered to pay the balance to the county judge of the county, but that he declined to make the deed, because no provision had been made for paying the expense of a conveyance. The defendant tendered in his answer $40 to cover the balance of the purchase money, and paid it into court.

There was a judgment for the plaintiff for the lots in controversy. There are no conclusions either of law or of fact in the record, though it would seem that the court must have held that the plaintiff was a bona fide purchaser without notice of defendant's title. The defendant showed an equitable title, which became perfect by the tender of the balance of the purchase money due under Perkins' bond for title. If the plaintiff had acquired a lien upon the lots by a record of a proper abstract of his judgment, or by a levy of his execution before he had notice of defendant's title or that of those under whom he claimed, or knowledge of such facts as should have put him upon inquiry, and had enforced his lien by a sale under execution at which he purchased, his title would have been good. Grace v. Wade, 45 Texas, 522. But this he did not do. He took a conveyance of the lots directly from Perkins, merely crediting the price agreed upon on his judgment, without even releasing at the time the lien he had acquired by the levy.

The abstract of judgment filed in the County Court did not give the number of the judgment, and in that respect failed to comply with one of the requirements of the statute. Rev. Stats., art. 3155. The number of the judgment is one of the requisites prescribed by the law, and we have no more right to disregard it than any other provision which the Legislature has prescribed as a prerequisite of the authority to record the abstract. The failure to comply with the statute in that particular is in our opinion fatal to the lien claimed by virtue of the abstract.

The lien created by the levy of the execution not having been released at the time Perkins conveyed the lots to the plaintiff, the case presents itself to our minds as one in which the purchaser has neither paid value nor placed himself by the transaction in a worse position than that previously held by him. Having merely credited the price of the lots upon his judgment, he can not claim to be a bona fide purchaser for a valuable consideration without notice. Steffian v. Bank, 69 Texas, 513. He took by his conveyance the legal title to the lots in controversy, subject to the defendant's equity, and is entitled to recover only the balance of the purchase money which Perkins' original vendee promised to pay for the property. The judgment is against the right of the case, and is fundamentally erroneous.

The view we take of the case renders it unnecessary to discuss the question of notice.

The judgment is reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered April 15, 1892.  .

A motion for rehearing was refused.