MRS. BETTIE SWANN ET AL. V. ROTAN STATE BANK ET AL.

No. 4072.   Decided April 20, 1926.

(282 S. W., 789.)

**1.—Innocent Purchaser—Consideration—Previous Debt.**

One buying land without notice of the title of another is not protected as an innocent purchaser for value where the consideration for his purchase is merely cancellation of a previous debt.  (P. 428).

**2.—Same—Case Stated.**

The deed of a married woman joined by her husband conveying property which was her separate estate and homestead was delivered to a bank in consideration of cancellation of a previously existing indebtedness of the husband to it.   The wife's signature and acknowledgment, regular in form, was obtained by duress from the husband, and the contents of the instrument not explained to her by the notary.  *Held,* that the bank, though taking the deed without knowledge of such facts, was not protected as a purchaser for value, and the wife could recover the land.   (Pp. 427-430).

**3.—Case Overruled.**

The decision in Webb v. Burney, 70 Texas, 325, is overruled. McKamey v. Thorp, 61 Texas, 648, and other cases, followed. (P. 430).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Fisher County.

Mrs. Swann, joined by her husband, sued the Rotan State Bank and others for the recovery of real property. Judgment for plaintiffs was affirmed on appeal by defendants. (254 S. W., 647), who thereupon obtained writ of error.

*Stinson, Coombes & Brooks,* for plaintiffs in error.

The cancellation of a pre-existing indebtedness of the husband is not such a valuable and sufficient consideration as will support a deed executed by the wife under the duress of her husband and protect the grantee as an innocent purchaser of the homestead and separate property of the wife, where the grantee has not lost its debt against the husband or otherwise altered its position to its injury by reason of the transaction. McKamey v. Thorp, 61 Texas, 648; Overstreet v. Manning, 67 Texas, 657; Steffian v. Milmo Bank, 69 Texas, 513; Bonner v. Grigsby, 84 Texas, 330; Scoggin v. Mason, 103 S. W., 831; Simpkins on Equity, 2nd Edition, p. 647; Davis v. Van Wie, 30 S. W., 492.

The wife is not estopped from setting up that the deed of herself and husband to the husband's creditor in satisfaction of a pre-existing indebtedness was executed by her under the duress of her husband, where the property was her separate property and homestead and the creditor had no negotiations with her directly for the purchase of said property or the conveyance to it for such consideration. Same authorities.

*Beall, Beall & Beall,* for defendants in error.

The payment of the precedent debt of $5,000.00 by the deed constituted, as between the parties, a valuable consideration for the deed and the appellee, having no actual knowledge of any duress by the husband upon appellant, was an innocent purchaser of the property.

We respectfully call the attention of the court to the case of Alstin v. Cundiff, 52 Texas, 453 (461, 1st and 2nd par.; 462, 1st par.; 464, 2nd and last par.), also the Webb-Burney case, 70 Texas, 327; Harrington-McFarland case, 21 S. W., 116; also the Ward-Baker case, 135 S. W., 620.

The defendant does not seek to controvert the doctrine

The defendant does not seek to controvert the doctrine announced in the McKamey v. Thorp, and its line of cases, that as a consideration a pre-existing debt cannot be made the basis of a bona fide purchase against outstanding equities, which is a rule of law of long standing; but it does contend for the doctrine, that a pre-existing debt is made the basis of a bona fide purchase "between the parties to the transaction," as announced in the Webb v. Burney and its line of cases.  The distinction being as to whether or not the party seeking to assert the equity adverse to interest acquired in a transaction was a party to such transaction.  The doctrine governing as between the parties is as definite, as fundamental, as well defined, and equally as equitable as is the doctrine protecting the equities of those not parties to the transaction.  The one doctrine does not conflict with the other, and there is no merit in the contention that the rule in the Webb v. Burney case shakes, or even tends to shake, the rule in the McKamey v. Thorp case.

MR. JUSTICE PIERSON delivered the opinion of the court.

The Rotan State Bank brought this suit against Mrs. Bettie Swann and her husband, A. M. Swann, in the District Court of Fisher County in the form of trespass to try title to recover two certain lots in the town of Rotan and the reasonable rental value of the premises, alleged to be $30 per month.

The following facts found by the Honorable District Judge, and approved by the Honorable Court of Civil Appeals, will be sufficient for the purposes of this opinion:

The two lots in controversy were the separate property and the homestead of Mrs. Bettie Swann.  Her husband, A. M. Swann, was the active vice president of the Rotan State Bank, and owed it $12,500, part of which was evidenced by a note in the amount of $5,000.  A. M. Swann drew his customer's draft on G. Ellis, of Shreveport, Louisiana, for the sum of $5,000, payable to the order of the bank, and placed the same in the assets of the bank to take the place of his said note and accumulated interest, and took his said note out of the possession of the bank without the consent of the other officers of the bank.  The draft was returned unpaid.  To satisfy the bank in the matter of the draft, Swann delivered to it a deed to the two lots in controversy, signed by himself and his wife, Mrs. Bettie Swann, but it was found as a fact that Mrs. Swann executed the deed to the bank under duress, the details of which need not be stated.  (See 254 S. W., 647.)  Also, the notary in taking the acknowledgment of Mrs. Swann "did not

explain the said deed in any manner to the said Bettie Swann as to its purport, effect, or the consideration of it." The bank had no knowledge of the duress or of the failure of the notary to explain the deed to Mrs. Swann.

The consideration paid for the said deed by the bank was the cancellation of a pre-existing debt owing by A. M. Swann to it, the indebtedness being originally evidenced by the note which A. M. Swann abstracted from the bank, and for which he substituted his draft, which was returned unpaid.

The controlling question is whether or not the consideration paid by the bank for the deed was a valuable consideration in law such as would make the bank a bona fide purchaser for value without notice. If it was not such a purchaser, it could not hold the property so secured from Mrs. Bettie Swann against her, even though it had no notice of the duress or of the failure of the notary to take her acknowledgment according to the requirements of the law.

One who buys at a voluntary sale and pays no money, but credits an indebtedness, is not a bona fide purchaser for value, and such purchaser is not entitled to the protection accorded to a bona fide purchaser for a valuable consideration. The reason for the rule is founded upon the principle that the purchaser who pays the purchase price on a pre-existing debt is not protected against equities of others or against fraud, for the reason that he has not advanced anything on the faith of his purchase and has lost nothing if his title should prove worthless. In crediting his debt he divested himself of no right, and placed himself in no worse position than he would have been if he had not received the conveyance of the property and had not entered the credit.

Chief Justice Willie, in Overstreet v. Manning et al., 67 Texas, 657, 4 S. W., 248, said:

"It is settled in this State that one who buys at a voluntary sale from his debtor and pays no money, but credits the amount of the consideration upon a pre-existing debt, is not a bona fide purchaser for value."

Steffian v. Milmo Natl. Bank, 69 Texas, 513; McKamey v. Thorp, 61 Texas, 648; Bonner v. Grigsby, 84 Texas, 330, 31 Am. St., 48, 19 S. W., 511.

In McKamey v. Thorp, 61 Texas, 648, after reviewing authorities and discussing the question at some length, the court concludes as follows:

"It seems to be held by the great weight of American authority that a creditor who buys from his debtor, and pays the

consideration money by merely crediting the amount upon a pre-existing debt, is not a bona fide purchaser for value."

Again, in Bonner v. Grigsby, 84 Texas, 330, the court, speaking through Judge Gaines, said:

"The lien created by the levy of the execution not having been released at the time Perkins conveyed the lots to the plaintiff, the case presents itself to our minds as one in which the purchaser has neither paid value nor placed himself by the transaction in a worse position than that previously held by him. Having merely credited the price of the lots upon his judgment, he cannot claim to be a bona fide purchaser for a valuable consideration without notice. Steffian v. Bank, 69 Texas, 513. He took by his conveyance the legal title to the lots in controversy, subject to the defendant's equity."

The court, speaking through the same jurist, in the case of Steffian v. Bank, supra, said:

"This court has held that where the consideration of a deed is an antecedent debt only, or where a mortgage is taken merely to secure such indebtedness, this is not sufficient to support the claim of a bona fide purchaser for a valuable consideration. (McKamey v. Thorp, 61 Texas, 648; Spurlock v. Sullivan, 36 Texas, 511.) There being no new consideration, should the grantee or mortgagee lose the land or his lien upon it, he still has his debt, and for that reason is held to have parted with nothing of value."

These principles make the holding clear that crediting a pre-existing debt is not a valuable consideration for a deed secured under duress or through fraud, nor such as will sustain a deed of a married woman where the requirements of the law as to her privy acknowledgment were fatally violated. Where a party is an innocent purchaser for value without notice, i. e., where he has no notice or knowledge of the fraud or of a defective acknowledgment, and has paid a valuable consideration in law, that is, has been separated from something of value, and his position changed to his material injury or damage, he will be protected in his purchase. If the bank had bought the property for and had actually parted with $5,000, without knowledge of A. M. Swann's duress upon his wife, and without knowledge of the failure of the notary to take Mrs. Swann's acknowledgment as required by law, its title to the property would be protected under the principles of equity. If such were the case, it would be a bona fide purchaser for value without notice.

In its original opinion the Honorable Court of Civil Appeals

reversed and rendered this case in favor of Mrs. Swann, basing its judgment upon the fact that the bank had parted with nothing of value; that in the cancellation of its pre-existing debt it was in no worse condition than before, because it still had its debt, and that the consideration was not a valuable one in law so as to overcome the equities and rights of Mrs. Swann, the deed from her having been secured through duress and her acknowledgment not having been taken according to law. On rehearing it affirmed the judgment of the District Court, on the ground that the satisfaction of a pre-existing debt is a good and valuable consideration as between the parties, and that the bank had no knowledge of the fraud or duress exercised by A. M. Swann upon Mrs. Swann, or of the failure of the notary to take her acknowledgment according to law, following the case of Webb v. Burney, 70 Texas, 322, 7 S. W., 841, by the Commission of Appeals.

In his work on Equity, page 647, after defining a bona fide purchaser and saying "the rule is fixed that an antecedent debt will not support a bona fide purchase," Judge Simkins says:

"The case of Webb v. Burney, 70 Texas, 325, 7 S. W., 841, and Harrington v. McFarland, 1 Texas Civ. App., 289, 21 S. W., 116, which reluctantly followed it, asserting a different rule, stand alone. These cases cannot be regarded as shaking the rule that a pre-existing debt cannot be made the basis of a bona fide purchase. Bonner v. Grigsby, 84 Texas, 330, 19 S. W., 511, 31 Am. St. Rep., 48.

"McKamey v. Thorp, 61 Texas, 653, states the reason of the doctrine to be that the creditor taking a conveyance and surrendering an old debt divests himself of no right and places himself in no worse position than he would have been had he received notice of the prior right existing in the property. He advances nothing, and loses nothing if the title is worthless."

Many cases are cited by Judge Simkins.

We overrule the case of Webb v. Burney as being unsound in principle and against the weight of authority in this and other jurisdictions.

We conclude that the bank is not a bona fide purchaser for value, and that it took the property subject to the rights of Mrs. Swann. As against it she was entitled to recover upon establishing the duress and the delivery of the deed without her consent, the failure of the notary to properly take her acknowledgment, and that the lots were her separate property and homestead.

The judgments of the District Court and Court of Civil Appeals are reversed, and judgment is rendered for plaintiff in error.

*Reversed and rendered.*