## WALTER CONNALLY & CO. v. GASTON et al. (No. 3352.)

Court of Civil Appeals of Texas. Texarkana. June 4, 1927.

Rehearing Denied June 9, 1927.

**1. Homestead ⬤⟹116—Simulated conveyance to create lien securing grantors' indebtedness was void, and creditors took no title under grantee's deed (Const. art. 16, § 50).**

Simulated sale and conveyance of part of homestead by husband and wife, for purpose of creating lien thereon by means of purchaser's notes to secure husband's indebtedness to others, *held* void as between parties, under Const. art. 16, § 50, so that no title passed by grantee's deed to creditors.

**2. Homestead ⬤⟹128—Grantees of one to whom conveyance was simulated to create lien securing indebtedness to them could defend cancellation suit only on theory of debtors' estoppel to assert title (Const. art. 16, § 50).**

Grantees in deed of one to whom conveyance of part of homestead was simulated for purpose of creating lien by means of his notes to secure his grantors' indebtedness to his grantees, in violation of Const. art. 16, § 50, could defend original grantors' suit to cancel deeds only on theory that they were estopped to assert title as against defendants.

**3. Homestead ⬤⟹122—Grantees, in consideration of canceling grantors' notes, transferred to them to secure his grantors' indebtedness, could not urge latters' estoppel to assert invalidity of their deed (Const. art. 16, § 50).**

Grantees of land for sole consideration of cancellation of grantors' notes to his grantors which were transferred to grantees to secure payment of original grantors' indebtedness to them, could not urge debtors' estoppel to assert invalidity of their deed to maker of notes under Const. art. 16, § 50.

**4. Vendor and purchaser ⬤⟹237—Cancellation of grantor's debt is not consideration entitling grantee to protection as bona fide purchaser.**

Grantee's cancellation of grantor's preexisting debt to him is not such a consideration

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as entitles grantee to claim protection as bona fide purchaser.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Suit by A. A. Gaston and wife against Walter Connally & Co., continued after named plaintiff's death by his wife and heir. Judgment for plaintiffs, and defendant appeals. Affirmed.

July 10, 1918, appellants Walter Connally & Co. sold certain gin machinery to A. A. Gaston and one Lee for $1,000 then paid, and Gaston and Lee's four promissory notes for $625 each, payable to said Walter Connally & Co. or order on or before October 15 and November 15, 1918, and October 15 and November 15, 1919, respectively. Afterwards said A. A. Gaston and his wife, appellee Annie Gaston, executed an instrument, dated May ———, 1919, purporting to be a deed conveying 50 acres of land belonging to the community estate between them, and constituting a part of their homestead to Henry Gaston, brother of said A. A. Gaston, for said Henry Gaston's five promissory notes for $350 each, also dated May ———, 1919, secured by a vendor's lien retained on the land, payable to said A. A. Gaston or order October 15, 1919, 1920, 1921, 1922, and 1923, respectively. The five notes were turned over to said Walter Connally & Co. to hold as collateral security for the payment of the indebtedness of A. A. Gaston and said Lee to them, evidenced by the four notes for $625 each mentioned above. By a deed dated June 13, 1922, Henry Gaston, in payment and satisfaction of his said five promissory notes for $350 each, turned over to Walter Connally & Co., as stated, conveyed the '50 acres of land to said Walter Connally & Co. This suit, commenced by said A. A. Gaston and appellee Annie Gaston, his wife, was to cancel the two instruments mentioned above, After the suit was commenced, to wit, on May 11, 1926, A. A. Gaston died, and the prosecution of the suit was continued by his widow, said appellee Annie Gaston, and appellee Lonnie Gaston, alleged to be an heir of said A. A. Gaston in the amended petition filed September 6, 1926, on which the trial was had.

On special issues to them the jury found that "the deed from A. A. Gaston and wife to Henry Gaston was made in pursuance of an agreement between A. A. Gaston and Walter Connally & Co., or their agent, whereby vendor lien notes were to be executed by Henry Gaston to A. A. Gaston, and by A. A. Gaston to be transferred to Walter Connally & Co., and to be held by said Walter Connally & Co. as security for the payment of the balance due on the purchase price of the gin, and that the intention of both A. A. Gaston and wife and Walter Connally & Co.

was that said deed should be a mortgage and not an absolute conveyance."

The appeal by Walter Connally & Co. is from a judgment canceling both the deeds mentioned above and in appellees' favor for the land.

Patman & Moseley, of Texarkana, and Butler, Price & Maynor, of Tyler, for appellant.

Bartlett & Newland, of Linden, for appellees.

WILLSON, C. J. (after stating the facts as above). Because we think the judgment rendered by the court below was the only one which properly could have been rendered on the facts of the case, we will not undertake to determine whether the contentions presented in appellants' brief should be sustained or not, for, if they were sustained, we would nevertheless feel bound to affirm the judgment.

[1] It appeared without dispute in the evidence that the 50 acres of land in question was a part of the homestead of A. A. Gaston and his wife, appellee Annie Gaston, at the time they conveyed same to Henry Gaston. It also so appeared that the sale and conveyance of the land by the former to the latter was a simulated one for the purpose of creating a lien thereon (by means of the notes executed by Henry Gaston) to secure A. A. Gaston's indebtedness to appellants. In other words, it conclusively appeared that as between the parties to it said conveyance was void, and therefore of no effect. Section 50 of article 16 of the Constitution. Not himself having any title to the land, of course Henry Gaston conveyed none to appellants by his deed to them.

[2] The title still being in appellee Annie Gaston and the legal representatives of A. A. Gaston, deceased, notwithstanding the deed to Henry Gaston and his deed to appellants, it is clear appellants could defend against the relief sought by appellees only on the theory that the latter were estopped from asserting the title to be in themselves as against appellants' claim of title thereto. Henderson v. Wilkinson (Tex. Civ. App.) 159 S. W. 1045.

[3, 4] That appellants were not in a position to urge such an estoppel appeared from undisputed evidence showing: (1) That the transfer of the Henry Gaston notes to them was to secure the payment of then existing indebtedness (the four notes for $625 each referred to in the statement above) of said A. A. Gaston to them, and upon no other consideration whatever; and (2) that the sole consideration for the conveyance of the land to them by Henry Gaston was the cancellation of the five notes he made to A. A. Gaston. Having parted with nothing on the faith of the validity of the transaction between A. A.

Gaston and appellee Annie Gaston and Henry Gaston, and being in no worse position because of their reliance on the validity of that transaction, appellants were not in a position to claim an estoppel against appellees to assert the invalidity of the deed to Henry Gaston. Durham v. Luce (Tex. Civ. App.) 140 S. W. 850. It is settled by the decision of the Supreme Court in Swann v. Bank, 115 Tex. 425, 282 S. W. 789, overruling Webb v. Burney, 70 Tex. 322, 7 S. W. 841, to the contrary, that the cancellation by a grantee in a deed of a pre-existing debt of the grantor to him is not such a consideration as entitles the grantee to claim protection as a bona fide purchaser.

The judgment is affirmed.