**HILL v. ENGEL et ux.**

No. 1678.

Court of Civil Appeals of Texas. Waco.
Dec. 5, 1935.

Rehearing Denied Jan. 2, 1936.

C. R. Glass, of Marlin, for appellant.

Bartlett, Carter & Rice, of Marlin, for appellees.

ALEXANDER, Justice.

In 1929, Chas. Engel and wife executed and delivered to J. S. Pool Lumber Company a mechanic's lien contract on their homestead to secure the payment of a promissory note in the sum of $1,221.65 alleged to have been given for material with which to erect a house on said homestead. On January 1, 1931, said indebtedness was renewed by the execution of a new note by Engel and wife to J. S. Pool Lumber Company and secured by a deed of trust on the same property. Before maturity said note and lien were assigned to J. R. Hill. Hill brought this suit against Engel and wife to recover said debt and to foreclose the lien. As a defense the defendants alleged that the property covered by the lien was their homestead and that the mechanic's lien contract was not executed until after said material had been furnished, and, further, that the wife never in fact acknowledged said mechanic's lien contract before a notary public authorized to take her acknowledgment. By supplemental petition plaintiff alleged that he purchased said note in good faith for value, and without notice, and the defendants were estopped to plead the illegality of said mechanic's lien contract. The evidence shows without dispute that the property in question was the defendants' homestead. The jury found that the material for which the original note was given was furnished and the improvements erected before the execution of the mechanic's lien contract and that said contract was acknowledged by the wife while she was in Bell county before a notary public of Falls county. Based upon these answers, the court rendered judgment in favor of the plaintiff against the defendant Chas. Engel for his debt, but refused to foreclose the lien on the property. The plaintiff appealed.

Since the mechanic's lien contract in question was not executed until after the material had been furnished and the improvements constructed, the purported mechanic's lien on the homestead was absolutely void. Constitution, art. 16, § 50; Revised Statutes, art. 5460; Taylor v. Huck & Co., 65 Tex. 238; Lyon v. Ozee, 66 Tex. 95, 96, 17 S.W. 405. Notwithstanding the lien was void, if the facts were such as to estop the makers from pleading its invalidity, the holder of the lien was entitled to foreclosure. Heidenheimer Bros. v. Stewart, 65 Tex. 321; Garrett v. Katz (Tex.Civ.App.) 23 S.W.(2d) 436; Quillin v. State Trust Co. (Tex.Civ.App.) 50 S.W.(2d) 879; Bernstein v. Hibbs (Tex.Civ.App.) 284 S.W. 234; Sanger v. Calloway (Tex.Com.App.) 61 S.W.(2d) 988.

The appellant offered no evidence whatever in support of his plea of estoppel except the original mechanic's lien contract, the renewal deed of trust and note, and the written transfer of the note to him. The mechanic's lien contract contained the fol-

lowing provisions: "Said lumber and building material to be hereafter delivered to us by the said J. S. Pool Lumber Company to be used by us in and for the erection, repairs and improvements on our homestead." The renewal deed of trust recited that the original mechanic's lien of which it was a renewal "is now valid and subsisting." Appellant did not offer any evidence to prove that he relied on the representations contained in said instruments and was misled thereby.

In order for one to establish a plea of estoppel it is essential that he allege and prove not only that the misleading statements and representations were made by the parties sought to be estopped, but that he actually believed and relied on said representations and was misled to his injury thereby. 17 Tex.Jur. 147; 21 C.J. 1126, 1250; Kuykendall v. Spiller (Tex.Civ.App.) 299 S.W. 522, 527; Foster v. Spearman Equity Exchange (Tex.Civ.App.) 266 S.W. 583, 588; South Texas Lumber Co. v. Wolvin Line (Tex.Civ. App.) 199 S.W. 1129; Irvin v. Irvin (Tex. Civ.App.) 7 S.W.(2d) 1103; Robertson v. Vernon (Tex.Civ.App.) 3 S.W.(2d) 573; Hartman v. Chumley (Tex.Civ.App.) 266 S.W. 444, par. 3; Equitable Mortgage Co. v. Norton, 71 Tex. 683, 689, 10 S.W. 301, 304. Since appellant failed to offer any evidence to prove that he actually relied on the representations contained in said mechanic's lien contract and in the deed of trust above referred to, he wholly failed to establish his plea of estoppel.

If it be conceded that under the principles announced by the Supreme Court in Graves v. Kinney, 95 Tex. 210, 66 S.W. 293, the appellant would be entitled to foreclosure of his lien if he established that he purchased the lien in good faith for value and without notice of its inherent vice, we do not think the evidence was sufficient to authorize a judgment in his behalf because he made no attempt to prove that he purchased the lien in good faith for value and without notice. He introduced evidence sufficient to prove that he purchased the note, which by its terms was negotiable, before its maturity, and it may be conceded that in the absence of evidence to the contrary, the holder of a negotiable note is presumed to be a good-faith purchaser for value and without notice, and that his right to judgment for the debt evidenced by the note is not affected by the undisclosed equities between prior parties; but this rule of commercial law prevails merely for the purpose of facilitating the transfer of negotiable paper and ap-

plies only to the maker's personal obligation to pay the debt. It does not govern the right to enforce the lien. Wood v. Sparks (Tex. Com.App.) 59 S.W.(2d) 361, pars. 3 and 5, and cases there cited; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; First Nat. Bank of Muscogee v. Campbell, 24 Tex.Civ.App. 160, 58 S.W. 628.

The original mechanic's lien contract, together with the renewal note and deed of trust securing the same, appeared to be regular, and the appellant, upon introducing same, established prima facie a right to recover on the note with foreclosure of the lien; but when appellees proved a state of facts that rendered the pretended lien on the homestead void as between the original parties, appellant's right to recover by virtue of the strict letter of the contract was lost. Such pretended lien could not thereafter be made valid, and if appellant was entitled to recover, it was not by virtue of the contract which, under the Constitution, was void, but because of the intervention of equitable principles in his behalf. Guaranty Bond State Bank v. Kelley (Tex.Com. App.) 13 S.W.(2d) 69, par. 4. In order for appellant to invoke the intervention of equitable principles in his behalf, the burden was on him to at least allege and prove that, without any fault on his part, an injustice would result to him if he should be denied the right to enforce the pretended lien. This necessarily included the obligation on his part to prove that he purchased the lien in reliance on its validity and without any notice of its invalidity. 22 Tex.Jur. 164, 170; 17 Tex.Jur. 146; Dallas Trust & Savings Bank v. Pickett (Tev.Civ.App.) 59 S.W.(2d) 1090, par. 2; Texas Loan Agency v. Hunter, 13 Tex.Civ.App. 402, 35 S.W. 399, 402; Davis v. National Bond & Mortgage Corp. (Tex.Civ.App.) 45 S.W.(2d) 272, par. 12; Turner v. Cochran, 94 Tex. 480, 61 S.W. 923; Walter Connally & Co. v. Gaston (Tex.Civ.App.) 295 S.W. 953; Prouty v. Musquiz, 94 Tex. 87, 58 S.W. 721, 996. He did not meet this burden by merely introducing the original mechanic's lien contract, together with the renewal note and the deed of trust securing same.

Our holding on the question above discussed renders it unnecessary for us to determine whether or not appellant's right to enforce the lien is defeated by reason of the manner in which the mechanic's lien contract was acknowledged.

The judgment of the trial court is affirmed.