## CHAMLEE v. CHAMLEE.

### No. 1958.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1938.

Tom R. Mears, of Gatesville, for appellant.

Allen & Allen, of Hamilton, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, J. D. Chamlee, against appellee, Carrie Chamlee, to foreclose an alleged judgment lien on certain lands situated in Hamilton county. Appellant and appellee were formerly husband and wife. Prior to their marriage, she was a widow with two minor children. During her widowhood she purchased the 41-acre tract involved in this suit and moved onto the same with her minor children. She resided thereon continuously thereafter until the time of trial. Her aged and dependent parents also resided with her on said land and she furnished them support in whole or in part. Her children became of age and ceased to be members of her household prior to her marriage to appellant. Her mother died several years ago. Her father was still living with her and being supported by her at the time of trial.

Appellant and appellee were divorced in March, 1935. In the divorce proceedings said 41-acre tract was declared to be her separate property and set aside to her free from any lien or claim on the part of appellant. The court found that during the existence of the marital relation appellant had expended $662 of his separate funds in making improvements on said 41-acre tract, and rendered judgment in his favor against appellee for said sum. The court further found that appellant had acquired title to 6¾ acres of land during the marriage; that the same was community property, and ordered the same set aside for the use of appellant until said judgment against appellee for the sum of $662 as aforesaid should be repaid to him. Appellee resisted foreclosure on the ground that said lands constituted her homestead. The case was tried by the court and judgment rendered in general terms that appellant take nothing by his suit.

 Appellant contends that since there were no children born of his marriage to appellee, that her right to a homestead in said lands terminated upon the dissolution of the marriage, and cites Tanton v. State National Bank, 125 Tex. 16, 79 S.W.2d 833, 97 A.L.R. 1093, in support of such contention. In that case the homestead right arose solely out of the marriage and was destroyed by the dissolution thereof. In this case the homestead right to the 41-acre tract existed in appellee prior to her marriage to appellant, continued during such marriage and after its dissolution to the time of trial. The court therefore did not err in refusing to foreclose a lien in favor of appellant on said tract. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35; Hutchenrider v. Smith, Tex.Com.App., 242 S.W. 204, par. 2; Standard Paving Co. v. Tolson, Tex.Civ. App., 86 S.W.2d 789, 791, pars. 1, 2, and 3, and authorities there cited; Horton v. Gibson, Tex.Civ.App., 274 S.W. 292, par. 9; 22 Tex.Jur. p. 43, § 25.

We have, for reasons above stated, held against appellant's claim to a lien on the 41-acre tract on the merits. There is, however, another reason why appellant was not entitled to foreclose a lien on either tract. The statement of facts does not contain the purported abstract of judgment. Only a reference to its introduction in evidence and its filing and recording in the county records is contained therein. The right to a judgment lien is purely statutory. R.S., arts. 5447 to 5449, inclusive. The statute must be complied with before the lien will attach. Thus the requirements as to stating in the abstract the names of the parties, the number of the case, the date of the rendition of the judgment, the amount thereof, and the rate of interest, if any, which it bears, must be observed. The statute is mandatory also in respect of indexing the recorded abstract. Any presumption of regularity will not be sufficient to dispense with affirmative proof of such compliance. 26 Tex.Jur. p. 362, § 521; Nye v. Gribble, 70 Tex. 458, par. 2, 8 S.W. 608; Nye v. Moody, 70 Tex. 434, par. 1, 8 S.W. 606; Corbett v. Redwood, Tex.Civ.App., 58 S.W. 550, pars. 3 and 4; Bonner v. Grigsby, 84 Tex. 330, par. 1, 19 S.W. 511, 31 Am.St.Rep. 48; McGlothlin v. Coody, Tex.Com.App., 59 S.W.2d 819, and authorities there cited.

The judgment of the trial court is affirmed.