## BARTON v. PARKS.

### No. 10700.

Court of Civil Appeals of Texas. Galveston.

April 6, 1939.

Rehearing Denied April 27, 1939.

Stewart & DeLange, Albert J. DeLange, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellant.

Hardway, Woodruff & Austin, of Houston (Dwight·H. Austin, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the 55th District Court of Harris County in a trespass to try title action brought by Mrs. Louise L. Parks, appellee, against appellant, Donald C. Barton, and Mrs. Maud H. Maddox, for the title and possession of the west 70 feet of Lots 9 and 10 in Block 50, of the McGregor-Blodgett Subdivision, Section 3, of the City of Houston. The trial was before the court without a jury and resulted in a judgment for appellee for the title and possession of the property in controversy.

Appellee instituted suit in trespass to try title. Appellant, Donald C. Barton, answered by general demurrer, general denial, plea of not guilty, the three, five, and ten years statutes of limitation, and in a cross-action, which was afterwards dismissed but which he adopted as defensive pleas, he set up claims for taxes and assessments paid in good faith and claim for purchase-money alleged to have been paid by himself and his predecessor in title. Defendant, Mrs. Maud H. Maddox, filed a disclaimer in appellee's favor.

The record shows the following material facts: On April 24, 1924, Mrs. Maud H. Maddox acquired the property in controversy from the McGregor estate for a consideration of $260 cash and the execution by her of ten promissory notes of $234 each. On August 5, 1925, Mrs. Maud H. Maddox conveyed said property to Mrs. Nemira L. Pilson, who, as part of the consideration therefor, assumed and afterwards paid the ten notes for $234 above referred to. The deed from Mrs. Maud H. Maddox to Mrs. Nemira L. Pilson was not filed for record in the Harris County deed records until April 28, 1936. Mrs. Nemira L. Pilson transferred said property to Donald C. Barton by deed dated May 12, 1936, and filed for record on May 20, 1936, for a consideration of $2200, which was paid in cash. Appellant, Donald C. Bar-

ton, and Mrs. Nemira L. Pilson paid all taxes assessed against said property, aggregating several hundred dollars.

On June 4, 1934, a judgment was rendered in the 80th District Court of Harris County in cause No. 213,647, in favor of Louise L. Parks against M. H. Maddox, a widow, John J. Burke, Carl W. Baker, and John Bredemus, wherein Mrs. Louise L. Parks recovered judgment against M. H. Maddox, John J. Burke, Carl W. Baker, and each of them for $10,340.00, with ten per cent interest and costs of court, and for a foreclosure of liens against certain property in Westmoreland Farms Subdivision in Harris County, Texas, against all of above defendants and defendant John Bredemus. No personal judgment was rendered against John Bredemus.

On July 14, 1934, execution and order of sale in said cause was levied on and sale was made of said property in Westmoreland Farms Subdivision to W. O. Huggins, assignee of plaintiff. The return recited that the execution was entitled to a credit of $8500, less $118.10.

On June 13, 1936, alias execution and order of sale was issued in said cause and the property in controversy was sold by sheriff's deed on July 7, 1936, to Louise L. Parks for the sum of $250. This sheriff's deed was filed for record on July 27, 1936. The deed to this property from Nemira L. Pilson to Donald C. Barton was dated May 12, 1936, and was filed for record on May 20, 1936.

An abstract of judgment in said cause was duly filed for record on February 27, 1935, in the judgment records of Harris County, Texas. However, the name of John Bredemus was omitted from said abstract of judgment and his name was not entered upon the alphabetical index to such judgment record as required by law.

The record does not show that appellant, at the time of his purchase of the property in controversy, had actual knowledge or notice of any outstanding judgment against Mrs. Maud H. Maddox.

The court made the following findings of fact and conclusion of law:

"I find that defendants deraign their title from the same source as plaintiff, and that plaintiff's conveyance was first;

"That defendants, nor their privies, were innocent purchasers without notice;

"That none of the defendants had open, notorious, adverse possession nor use for a period of time necessary to ripen same into title.

"I conclude that the plaintiff should recover the property."

Appellant contends that the sale of the property in controversy to appellee under alias execution and order of sale, under which she claims title, was void and passed no title to said property, for the reason that the title thereto had been divested out of the judgment debtor, Mrs. Maud H. Maddox, prior to the issuance of said alias execution and order of sale; that the abstract of judgment under which appellee claimed title was fatally defective and void and constituted no abstract of judgment lien upon the property in controversy, in that it affirmatively appeared that the name of one of the parties defendant in said cause, John Bredemus, was not shown in said abstract of judgment, and that the name of John Bredemus was not entered upon the alphabetical index to such judgment record.

Appellant further contends that said abstract of judgment did not correctly state the amount of said judgment, nor the balance due thereon, nor furnish within itself facts from which same could be computed, including the amount of interest due thereon. He further contends that since it was proven that there was an outstanding equitable title to the property in controversy in R. Emmett Morse, that said outstanding title was superior to that of appellee, and that the court erred in refusing to render judgment establishing liens of appellant arising out of his payment of taxes and the discharge by himself and his predecessors in title of valid and subsisting liens against said property superior to the abstract of judgment lien claimed by appellee.

The controlling issue in this appeal is whether or not by reason of the failure of said abstract of judgment to carry the name of John Bredemus, one of the parties defendant in the judgment in cause No. 213,647, and by reason of the failure to index said abstract of judgment alphabetically in the name of John Bredemus, the abstract of judgment lien ever in fact came into existence.

This question has been decided by our courts in an unbroken line of authorities.

In the case of McGlothlin v. Coody, et al., Tex.Com.App., 59 S.W.2d 819, 821, under a state of facts similar in many re-

spects to those in the instant case, the Commission of Appeals holds that the questions involved therein, which are decisive of this appeal, are governed by Revised Statutes of 1925, Articles 5447, 5448, and art. 5449, Vernon's Ann.Civ.St. art. 5449.

"Article 5447. Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

"1. The names of the plaintiff and of the defendant in such judgment.

"2. The number of the suit in which the judgment was rendered.

"3. The date when such judgment was rendered.

"4. The amount for which the judgment was rendered and balance due thereon.

"5. The rate of interest specified in the judgment.

"Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand."

"Art. 5448. Each county clerk shall keep a well bound book called the 'judgment record,' and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time. enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits upon and satisfaction of such judgment, and shall enter the same when properly shown."

The court in its opinion says:

"The statute which requires the abstract of judgment to show the names of each party, both plaintiff and defendant, has not been complied with in this case, and no lien was created. In the case of Cocke v. Conquest, 2 S.W.2d 992, 994, wherein the opinion of the Court of Civil Appeals was approved by the Supreme Court, in an opinion in the same case, 13 S.W.2d 348, it was said by the Court of Civil Appeals:

' "The names of all parties to the judgment appear in the index direct and reverse, but the names of Minnie A. Conquest and R. M. Davis as defendants in judgment do not appear under the page of the index originally set aside for indexing names beginning with the letter 'C.' " This was not a compliance with the law with reference to proper indexing and therefore, it created no lien upon the property in question.'

"In Askey v. Power, 36 S.W.2d 446, the Commission of Appeals, in its opinion, among other things, held that right to a judgment lien is purely statutory, and to secure it there must be substantial compliance with all requirements of statutes relating to subject. In the case of Bonner v. Grigsby, 84 Tex. 330, 19 S.W. 511, 31 Am.St.Rep. 48, the Supreme Court held that merely leaving the number of the judgment off was not a compliance with the statute and created no lien. To the same effect is the opinion in the case of San Antonio Loan & Trust Company et al. v. Davis, Tex.Civ.App., 235 S.W. 612. In the case of McLarry v. Studebaker Bros. Co. of Texas, Tex.Civ.App., 146 S.W. 676, 678, the court, among other things, said: 'We are of the opinion that the statute * * * makes it necessary to index the judgment alphabetically in the name of each plaintiff and of each defendant in the judgment, and that it is required that it shall be correctly indexed, giving each of such names.'

"In the case of Guaranty State Bank of Donna v. Marion County National Bank, Tex.Civ.App., 293 S.W. 248, 249, it was held: 'This requirement is mandatory, and is construed to mean that the names of each party to the judgment, both plaintiff and defendant, must appear in the index in its alphabetical order.' [Citing authorities]

"In other words, we find the authorities are substantially in harmony to the effect that, before one can create a judgment lien under the statute, by registering an abstract of judgment, he must comply with all requirements of the statute, since the statute does not empower him to create a lien in any other manner."

In the case of Chamblee v. Chamblee, 113 S.W.2d 290, 291, it was held by the Waco Court of Civil Appeals that: "The right to a judgment lien is purely statutory. R.S., arts. 5447 to 5449, inclusive. The statute must be complied with before

the lien will attach. Thus the requirements as to stating in the abstract the names of the parties, the number of the case, the date of the rendition of the judgment, the amount thereof, and the rate of interest, if any, which it bears, must be observed. The statute is mandatory also in respect of indexing the recorded abstract. Any presumption of regularity will not be sufficient to dispense with affirmative proof of such compliance. 26 Tex.Jur. p. 362, § 521; Nye v. Gribble, 70 Tex. 458, par. 2, 8 S.W. 608; Nye v. Moody, 70 Tex. 434, par. 1, 8 S.W. 606; Corbett v. Redwood, Tex.Civ.App., 58 S.W. 550, pars. 3 and 4; Bonner v. Grigsby, 84 Tex. 330, par. 1, 19 S.W. 511, 31 Am. St.Rep. 48; McGlothlin v. Coody, Tex. Com.App., 59 S.W.2d 819, and authorities there cited."

The rule laid down in the McGlothlin case was followed by the Texarkana Court of Civil Appeals in the case of Shirey v. Trust Company of Texas, 69 S.W.2d 835. This was a hearing on an appeal from an interlocutory judgment granting a temporary injunction to restrain the sale of real estate. In the trial of the case on its merits under the same style, Tex.Civ.App., 98 S.W.2d 243, the court adhered to its former holding and affirmed the judgment of the trial court.

In the instant case the record of the facts discloses that appellant's predecessor in title prior to the sale to appellant had not only paid the cash purchase price, but the ten vendor's lien notes executed as part of the purchase price therefor, as well as all taxes due thereon. The appellant further had paid $2200 in cash and the taxes for 1936.

The Supreme Court, in the case of First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S.W. 874, 876, lays down the following rule: "A judgment lien holder is not in the same attitude as an innocent purchaser for value without notice. The latter has expended his money in good faith to the amount of the purchase price of the land, and is justly entitled to be held harmless. It is right that the loss under such circumstances should be visited upon the landowner whose negligence, in failing to give notice through the deed records of his ownership, occasioned the loss, rather than it should fall upon the innocent purchaser who was without fault. The judgment lienholder is in a different attitude. He is not in any sense an inno-

cent purchaser. If his lien fails to attach, he loses nothing. His judgment still remains unimpaired in its full amount. In such a case, even though the owner of the land has been negligent in failing to provide a correct record notice of his title, still his negligence has not resulted in injury to the judgment creditor."

We have not discussed other assignments or propositions presented in appellant's brief, for the reason that we feel the above propositions are conclusive of this appeal.

Under the conclusions reached as above indicated, the facts appearing to have been fully developed herein, it is our duty to sustain the contentions of appellant, and to reverse the judgment of the trial court and to here render judgment for the appellant, and it is so done.

Reversed and rendered.