### KOKERNOT et al. v. GILSTRAP et al.
#### No. 6108.

Court of Civil Appeals of Texas. Texarkana.
April 6, 1944.

Rehearing Denied April 20, 1944.

W. E. Jones, of Longview, for appellants.

Saye & Saye, of Longview, for appellees.

HARVEY, Justice.

Plaintiffs, Homer Gilstrap and wife (appellees herein), by deed dated February 24, 1941, sold to W. H. Kokernot, Jr., and wife (appellants), a house and lot in Longview, Texas, for a recited cash consideration of $1,631.15, and the assumption by the purchasers of an outstanding Federal Housing Administration loan against the property.

On March 21, 1942, W. H. Kokernot, Jr., was fatally injured in an automobile accident, and six days later his widow gave a deed to the house and lot to her father-in-law, W. H. Kokernot, Sr. On March 30, 1942, the plaintiffs filed for record in Gregg County, Texas, a deed to them for the house and lot, signed by W. H. Kokernot, Jr., and wife, dated February 14, 1941. On March 31, 1942, plaintiffs filed a trespass to try title suit to recover possession and title to the property against W. H. Kokernot, Sr., and Mrs. W. H. Kokernot, Jr., for herself and as guardian for her three minor children. On the trial of the case to a jury, a contract or memorandum was introduced in evidence by the plaintiffs, dated February 14, 1941, between the Gilstraps and W. H. Kokernot, Jr., and wife, providing that the Gilstraps would sell to the Kokernots, Jr., the above-mentioned property for a consideration of $4,500 for the house and lot and $681 for the furniture, $500 payable in cash, the assumption of the F. H. A. loan for $2,850, and a note for $1,831 executed by the Kokernots, Jr., payable in six months from the date of the contract. The contract further provided that the Kokernots, Jr., should reconvey the property to the Gilstraps but the deed of conveyance was not to be filed for record, conditioned that if the Kokernots, Jr., failed to make any of the payments stipulated in the contract when due, the property should revert to and belong to the Gilstraps, subject to the F. H. A. mortgage. There are other provisions in the contract which it is unnecessary to set out in this opinion.

The evidence disclosed that there were past due payments at the time of the death of W. H. Kokernot, Jr.; that after some negotiations between Homer Gilstrap and Mrs. W. H. Kokernot, Jr., and W. H. Kokernot, Sr., the Gilstrap deed was filed for record in Gregg County on March 30, 1941, and this suit was instituted. The court appointed an attorney ad litem to represent the minor children of W. H. Kokernot, Jr., and wife.

The defendants pleaded that they knew nothing of the deed from Kokernot, Jr., and wife, to the Gilstraps, or of the contract above referred to; that W. H. Kokernot, Sr., was an innocent purchaser, for value, and in addition that the contract and the deed from Kokernot, Jr., and wife, were at variance with the consideration recited in the deed from the

Gilstraps to the W. H. Kokernots, Jr., and therefore were illegal and unenforceable by reason of Title 12, Chapter 13, subchapters V and VI §§ 1731 et seq., 1736 et seq., of the U.S.C.A., creating and governing the operation of the Federal Housing Administration, and relating to the making of false statements in securing loans from such governmental agency. Four issues were submitted to the jury, in response to which they answered that W. H. Kokernot, Sr., purchased the property in good faith, paid a fair price therefor, without notice of the claim of the plaintiffs, and that the deed from Gilstrap and wife to W. H. Kokernot, Jr., and wife, was not executed on February 14, 1941. Defendants filed their motion for judgment and the plaintiffs filed a motion for judgment non obstante veredicto, which latter motion was granted by the court and judgment entered for them for the title and possession of the land and premises in controversy, to which action of the court notice of appeal was given by the defendants.

The first question presented to this court for decision is whether or not the trial court was correct in holding that W. H. Kokernot, Sr., was not an innocent purchaser under the facts developed on the trial of the case. If the evidence raised an issue of fact in this respect, obviously the granting of the motion to render judgment non obstante veredicto was erroneous. An innocent purchaser is one who acquires the apparent legal title to property in good faith for a valuable consideration and without notice of any claim of a third person. 43 Tex.Jur. 614. Many decisions of the courts of this state discuss the element of consideration as applied to bona fide purchases. It has been held generally that one may not claim as an innocent purchaser where the only consideration was the assumption of an outstanding indebtedness, or the giving credit upon an antecedent debt owing by the vendor to the purchaser. Moore v. Humble Oil & Refining Co., Tex.Civ.App., 85 S.W.2d 945; Swann v. Rotan State Bank, 115 Tex. 425, 282 S.W. 789. In the latter case the court makes use of the following language:

"One who buys at a voluntary sale and pays no money, but credits an indebtedness, is not a bona fide purchaser for value, and such purchaser is not entitled to the protection accorded to a bona fide purchaser for a valuable consideration. The reason for the rule is founded upon the principle that the purchaser who pays the purchase price on a pre-existing debt is not protected against equities of others or against fraud, for the reason that he has not advanced anything on the faith of his purchase and has lost nothing if his title should prove worthless."

Another rule of law that is pertinent in this case is that the admissions made by a party to a suit are binding upon him. We quote from the case of City of Waco v. Thralls, Tex.Civ.App., 172 S.W.2d 142, 147:

"It is the general rule, as contended by the City, that where a litigant admits positive and definite facts, which, if true, would defeat his right to recover, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, he is conclusively bound by such admission and cannot successfully complain if the court directs a verdict against him."

To the same effect is the holding in the case of Southern Surety Co. v. Inabnit, Tex.Civ.App., 1 S.W.2d 412, 415:

"The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules of those governing witnesses who are not parties." (Citing authorities.) Kimmell v. Tipton, Tex.Civ. App., 142 S.W.2d 421.

With these general principles in mind we have examined the testimony of W. H. Kokernot, Sr., and especially that portion dealing with the consideration for the deed to him from Mrs. W. H. Kokernot, Jr., which recites only a cash consideration of ten dollars, and other valuable considerations. He testified that as consideration for the house and lot deeded to him he agreed to take care of and pay off any indebtedness secured by liens owing by the estate of his son, and that he would pay an unsecured debt for a fence that had been built on the premises; that he wanted to see that she didn't lose any of the property that had liens against it. He stated further that at the time the deed was being discussed nothing was said about any specific claims or their amounts, as neither he nor Mrs. W. H. Kokernot, Jr., knew what they were. Two items were mentioned in the evidence as having been paid by him,

and which are suggested as a part of the consideration for the deed to him. With respect to the first one in the sum of $700 for funeral expenses for his son, W. H. Kokernot, Jr., Mr. Kokernot, Sr., testified that he called the undertaker on the morning that his son was injured fatally; that he made arrangements for the funeral, and before the discussion between him and Mrs. Kokernot, Jr., relative to her conveying the house and lot to him, he had paid these bills. The second item, in the sum of about $200, he said he gave to Mrs. Kokernot, Jr., prior to the making of the deed to pay bills and for traveling expenses. It seems that any other debts that he might have settled were paid after he received notice of the claim of the Gilstraps. Under these facts, W. H. Kokernot, Sr., not having paid a present valuable consideration, cannot avail himself of the defense of being an innocent purchaser.

██ On the same date as that of the contract, February 14, 1941, Orin Gilstrap wrote a letter to the Federal Housing Administration authorities at Dallas, Texas, stating that W. H. Kokernot, Jr., had paid the down payment of $1,500 recited in the deed from the Gilstraps to the Kokernots, Jr.; that he had assumed the F. H. A. loan against the property, and that there was no second lien created on the property by reason of the trade between the Gilstraps and the Kokernots, Jr. Appellants urge the point that since these statements were not true, and since it was the policy of the F. H. A. not to carry loans where a second lien existed, the contract and deed dated February 14, 1941, providing for additional sums to be paid by the Kokernots, Jr., to the Gilstraps for the house and lot in question were both void, and were illegal under the National Housing Act, Title 12, § 1731, U.S.C.A., which prohibits the making of any false statements in the securing of F. H. A. loans. In regard to this asserted illegality of the contract between the Gilstraps and W. H. Kokernot, Jr., and wife, by reason of there having been made certain misrepresentations for the purpose of securing the F. H. A. loan, it is to be noted that the trial court was not called on to give effect to the contract. The suit was in trespass to try title, with an alternative plea relating to the contract, and by reason of the deed having been executed and delivered by W. H. Kokernot, Jr., and wife to the Gilstraps, the Gilstraps had been reinvested with title and it only remained for the court to exercise its power to place them in possession of the premises described in the deed. Spangler v. Spangler, Tex.Civ.App., 26 S.W.2d 463; Hall v. Edwards, Tex.Com.App., 222 S.W. 167, 169. We quote from the latter case:

"When an illegal contract, of the character here in question, has been fully executed, and suit is not brought for the purpose of its enforcement, the courts will recognize and enforce any new contract, right, or title resulting from its execution by the parties themselves."

The opinion above referred to cites from the case of Frost v. Plumb, 40 Conn. 111, 16 Am.Rep. 18, as follows:

"We understand the rule to be this: The plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction; but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act may incidentally appear, and may be important even as explanatory of other facts in the case, he may recover. It is sufficient if his cause of action is not essentially founded upon something which is illegal. If it is, whatever may be the form of the action, he cannot recover."

The trial court having ruled correctly in granting the motion of plaintiffs to render judgment non obstante veredicto, the judgment of such court is affirmed.