## CITY STATE BANK IN WELLINGTON
### v. BAILEY et al.
### No. 5915.

Court of Civil Appeals of Texas. Amarillo.
Oct. 18, 1948.

Rehearing Denied Nov. 13, 1948.

Bullington, Humphrey & Humphrey, of Wichita Falls, and R. H. Cocke, of Wellington, for appellant.

C. C. Broughton and C. A. Williams, both of Childress, for appellees.

STOKES, Justice.

On September 10, 1934, Mrs. Parmelia Jane Bailey executed her last will and testament in which she bequeathed to her husband, W. D. Bailey, Sr., for and during his lifetime, all of her community interest in the land belonging to them consisting of two and one half sections located in Collingsworth County and certain town property located in Wellington and Fort Worth. She provided that he should take and have exclusive possession, management and control of all the property, both real and personal, of which she might die seized and possessed, and provided that he, to the exclusion of all of her children or other persons, should have full power and authority to handle, manage, control and sell, exchange and dispose of any and all of the property and to use and apply the same or the proceeds thereof to his own use or otherwise as he should deem proper. The will further provided that, during his natural life, the husband might deal with the property and proceeds thereof as though it belonged to him individually and without any obligation on his part to account to any one for either the property or its proceeds. Mrs. Bailey died on the 16th of January, 1937, and her last will and testament was duly probated in the county court of Collingsworth County on April 29, 1937, after which her husband, W. D. Bailey, Sr., took charge and possession of all of the property of the estate. The will further provided that, at the death of her husband, all of her property or the proceeds thereof on hand or in his possession should be divided among her children and that her son, W. D. Bailey, Jr., should have all of section No. 53 and the south half of section No. 68.

On April 23, 1940, appellant, City State Bank in Wellington, recovered a default judgment against appellee, W. D. Bailey, Jr., for the sum of $11,603.60, and on the next day it procured the issuance by the district clerk of an abstract of the judgment which was immediately filed with the county clerk for record in the judgmen lien records of Collingsworth County.

On May 7, 1941, W. D. Bailey, Sr. executed a general warranty deed in which, for a consideration of $10, he conveyed to Richard Bailey, his grandson and son of appellee, W. D. Bailey, Jr., all of section No. 53 and the south half of section No. 68, the same land that was bequeathed in remainder by Parmelia Jane Bailey to W. D. Bailey, Jr. The deed was delivered to an attorney and placed in his safe under an agreement that it was to be delivered to the grantee, Richard Bailey, upon the death of the grantor. W. D. Bailey died February 8, 1948, and the deed was delivered by the attorney to Richard Bailey on March 8, 1948, and filed for record in the office of the county clerk on March 21, 1948.

Appellant, City State Bank in Wellington, instituted this suit against W. D. Bailey, Jr. and his wife to foreclose its alleged abstract of judgment lien on section No. 53 and the south half of section No. 68. Appellees, W. D. Bailey, Jr. and his wife, answered by the general issue and by special pleas concerning matters not necessary to be mentioned here. Richard Bailey intervened in the cause under allegations of a statutory action in trespass to try title. The case was submitted to the court without the intervention of a jury and resulted in a judgment denying appellant any relief as against appellees, W. D. Bailey, Jr. and his wife, and in favor of the intervenor, Richard Bailey, decreeing to him the title and possession of the land involved as against appellant, to which appellant duly excepted and from which it has perfected an appeal to this Court.

Appellant presents and urges five assignments of error but, in the view we take of the case, it will be necessary to discuss

only two of them which will be discussed as one assignment. It contends the court erred in holding that it did not acquire a valid abstract of judgment lien upon the land upon the ground, as stated in the judgment, that the abstract of judgment was not properly indexed. Appellant asserts that its lien attached to the vested remainder in the land bequeathed to W. D. Bailey, Jr. under the will of his mother, subject to the use and possession of the life tenant, W. D. Bailey, Sr., and that upon the death of the latter, it was entitled to foreclose its judgment lien upon the land in question.

 The abstract of judgment was in proper form and it was recorded in the abstract of judgment lien records of Collingsworth County. In the direct index, under the name of plaintiff in judgment and under the letter "B", it was indexed "Bank, City State in Wellington." The court held that this was not a proper index and was not a sufficient index to create a valid lien on the land of the defendant in the judgment. Art. 5447, Revised Civil Statutes 1925, provides the form and substance of abstracts of judgment. Art. 5448 provides the manner in which they shall be recorded and indexed. It requires that the county clerk shall enter the abstract of judgment upon the alphabetical index to the judgment record, showing the name of each plaintiff and of each defendant in the judgment. Art. 5449, Vernon's Ann.Civ.St. art. 5449, provides that when any judgment has been so recorded and indexed, it shall, from the date of such record and index, operate as a lien upon the real estate of the defendant situated in the county where such record and index are made. The lien is purely a creature of statute and it has consistently been held by our courts that, in order to create a valid lien, the statute must be observed in all of its details. Bonner v. Grigsby, 84 Tex. 330, 19 S.W. 511, 31 Am.St.Rep. 48; McGlothlin v. Coody, Tex.Com.App., 59 S.W.2d 819; McLarry v. Studebaker Bros. Co. of Texas, Tex. Civ.App., 146 S.W. 676; Barton v. Parks, Tex.Civ.App., 127 S.W.2d 376; R. B. Spencer & Co. v. Green, Tex.Civ.App., 203 S.W.2d 957.

Many additional cases are cited in the authorities above listed and, while none of them involved the exact conditions revealed by the record in this case, we think they impel the conclusion that the abstract of judgment in this case was not indexed in accordance with the provisions of the statute and that appellant therefore did not acquire any lien upon the land of the defendant in the judgment. In the case of Bonner v. Grigsby, supra, the Supreme Court held that the mere omission of the number of the case in which the judgment was rendered constituted a failure to comply with the statute and, therefore, created no lien on the land of the defendant in judgment. Our courts have held in many cases that failure to insert the correct name of the plaintiff in the judgment under the proper letter of the index destroys the effect of the abstract as a lien. The abstract of judgment in this case was not indexed under the letter "C" but under the letter "B". The plaintiff in the judgment was entered as "Bank, City State in Wellington." Appellant argues that it is customary to enter the surname of an individual plaintiff, followed by his initials and that the name "Bank" is equivalent to the surname of an individual. It says that the words "City State" constitute that part of the name of the plaintiff known among individuals as the given or Christian name and, therefore, it should be held that the index under the name "Bank, City State in Wellington" constituted the same character of index. To this we cannot agree. By the same reasoning every corporation having as part of its corporate name the word "company" could be legally indexed under the letter "C" and the word "company" constitute its surname regardless of that portion of its corporate name which indicates its nature and location. Certainly that kind of an index would not comply with the statute. We think it may safely be said that a person searching the record for an abstract of judgment in favor of City State Bank in Wellington would rarely, if ever, examine the index under the letter "B". If it should be held that such an index is valid, then every abstract of judgment in favor of or against any bank in the

country could be indexed under the letter "B" and the plaintiff in judgment would thereby acquire a valid lien upon the land of the defendant in the judgment. Such a holding would be a material and unwarranted departure from the plain requirements of the statute and, in our opinion, would ignore completely the holdings of a long, and almost unbroken, line of decisions by our courts. It is true that it has been held in some cases that, where a corporation takes the name and initials of an individual, the index is sufficient if the initials follow the name of the individual in the same manner as they usually do in indexing judgments in which individuals are plaintiffs. It was so held in the case of Burnett v. Cockshatt, 2 Tex.Civ.App. 304, 21 S.W. 950, in which the plaintiff's name was entered "Mott, J. L. Iron Works" when its correct corporate name was J. L. Mott Iron Works. Likewise, in the case of Willis v. Downes, Tex.Civ.App., 46 S. W. 920, 921, in which the corporate name of P. J. Willis & Bro. was entered as Willis, P. J. & Bro. but, in our opinion, the instant case does not fall within the category of those cases. Good reasons were given for the holdings in those cases but we do not conceive of any sound reason that could be given for a holding that an index, such as that involved here, would be even a substantial compliance with the requirements of the statute.

From what we have said, it is clear that, in our opinion, the index of the abstract of judgment lien was not sufficient to comply with the statute and, therefore, appellant did not acquire a lien upon the lands involved in this suit. Since they did not acquire such a lien, the remaining assignments of error become immaterial and it will not be necessary to discuss them. The judgment of the court below will be affirmed.